KNOX v. SCHOMAKER, Adm'x.

No. 30480. Sept. 22, 1942.

Rehearing Denied Oct. 13, 1942.

*129 P. 2d 841.*

338

Simons, McKnight, Simons, Mitchell & McKnight and Mitchell & Mitchell, all of Enid, for plaintiff in error.

Harry O. Glasser and W. J. Otjen, both of Enid, for defendant in error.

GIBSON, J. This is an action for wrongful death instituted by an administratrix against her intestate's former employer. The petition sought recovery on two counts, one for pecuniary loss, the other for conscious pain and suffering. The jury returned a verdict on the first cause of action fixing plaintiff's recovery at $10,000, but allowed no recovery on the second cause. Judgment was rendered accordingly, and defendant alone appeals.

A number of errors are assigned, but on reviewing the record we find it necessary to consider only the one challenging the sufficiency of the evidence to establish primary negligence.

This assignment is based on the trial court's failure to sustain defendant's motion for a directed verdict.

We are of the opinion that plaintiff failed to produce any evidence of negligence on the part of defendant. Plaintiff's intestate received a fatal injury while in the employment of defendant, but there is no indication that such injury was the proximate result of the breach of any legal duty owed by defendant to said intestate.

According to the evidence the decedent Schomaker had been employed by defendant some six or seven years. He had varied duties, but principally that of truck driver engaged in delivering and unloading barrels of oil. The accident occurred when one of the barrels he was attempting to unload struck his body near the kidney. This blow resulted in an abscess which caused his death a short while thereafter.

The evidence further shows that Schomaker had suffered from a hernia for some two to seven years, the period being in dispute, and that the defendant was aware of his condition. Plaintiff took the position that Schomaker,

by reason of his physical condition brought on by the hernia, was unfit to perform the duties of his employment, and that the defendant was guilty of negligence in permitting him to perform the work to which he was assigned.

In order that there be no misunderstanding concerning the theory adopted by plaintiff, we deem it well here to set out her own statement thereof as contained in the briefs. In referring to the question involved, counsel say:

"When correctly stated it is, whether Knox was guilty of *primary* negligence in keeping Schomaker at work for a year and half hauling and handling lube oil barrels of a weight of approximately 490 pounds, in the impaired physical condition in which Schomaker was *then known by Knox to be,* as a result of a hernia injury sustained on February 27, 1938, in the same Knox employment, which had not been repaired (although Schomaker had repeatedly demanded such repair) nor reported to the Industrial Commission as by the law required?"

Therefore, the whole case resolves itself into the one issue of law whether an employer in retaining an employee in his usual work, knowing that such employee is unsuited thereto by reason of physical handicap, is guilty of a breach of a legal duty owing by him to such employee.

It is contended that by reason of deceased's known physical deficiency, the defendant was under legal duty to somehow protect him from injury; that the defendant failed to perform that duty, and that the fatal injury resulted from such failure. This, says plaintiff, is sufficient to fasten liability on defendant. In support are cited Producers' & Refiners' Corp. v. Castile, 89 Okla. 261, 214 P. 121; Lusk v. Phelps, 71 Okla. 150, 175 P. 756.

Those two cases hold, in effect, that in circumstances of this general character the employer who is aware of the disability is guilty of negligence toward a fellow servant who is injured as a result of employing or retaining an unfit employee. They do not involve a

question of legal duty of the employer toward the unfit employee.

In each of the two cases last cited the court followed the rule expressed in 3 Labatt, Master and Servant, §§ 1079, 1080. From the same text plaintiff calls attention to the further statement that the unfitness of the servant might conceivably create a cause of action in his behalf against the master. But it is there stated that recovery is seldom sought in such case because of the very fact that the unfit servant is almost always aware of his unfitness or infirmity. And it is indicated in the text that the knowledge of the servant of his own unfitness would raise a question of contributory negligence or assumption of risk. If that be true, it might then follow that the question would be one for the jury in every case where the defense was raised.

In such case, however, the element of contributory negligence or of assumption of risk is not always involved. The rule is that where the servant is aware of his infirmity or his unfitness for the particular work, the master is guilty of no negligence toward him in merely allowing him to continue in the same employment. The master is not bound at his peril to discharge the servant. Whether the servant assumes the risk or is guilty of contributory negligence is of no importance. The demands of common, ordinary justice will permit no other conclusion. Where the uncontradicted evidence shows that the servant was as well aware of his unfitness as was the master, the master as a matter of law is not guilty of primary negligence. In fairness and right he is not to suffer a penalty at the hands of the court in favor of a servant merely because he permitted the unfit servant to continue in his employment. It is not difficult to foresee the dire consequences a contrary holding would produce.

In this we are supported by the language employed by the court in Warden-Pullen Coal Co. v. Wallace, 176 Okla. 604, 56 P. 2d 802. When considering a somewhat similar situation we there said:

"We repeat that negligence is a violation of a legal duty owed by the master to the servant. We know of no rule of law that imposes upon the master the obligation to supervise the contracts of employment which the servant may enter into with him and other parties in order to protect him from exertions beyond his strength. The right freely to enter into contracts of employment and to agree upon the terms thereof is one of the most sacred prerogatives of a free people, and even the state itself cannot infringe upon this right, except under the police power to protect the public health and welfare."

And the following rule was expressed in that case:

"The servant must determine for himself whether his health and strength are adequate for the performance of the labor agreed to be performed under the terms of his employment, and the master is not liable for injuries to the servant sustained as the result of overexertion in performing the stipulated labor."

We hold, therefore, that in an action by the personal representative of a deceased servant against the master to recover for the wrongful death of the servant allegedly caused by the unfitness of the servant to perform the particular duties to which he was assigned, where the undisputed evidence shows that the servant was as well aware of his unfitness for the employment as was the master, the trial court should sustain defendant's motion for directed verdict.

The judgment is reversed and the cause remanded, with directions to dismiss plaintiff's petition and render judgment accordingly.

CORN, V. C. J., and OSBORN, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., and RILEY, J., absent.