## SEARS, ROEBUCK & CO. v. SKEEN.

No. 34978.   July 15, 1952.

Rehearing Denied Sept. 30, 1952.

*248 P. 2d 582*

Monnet, Hayes & Bullis, Oklahoma City, for plaintiff in error.

Mark Goode, John L. Goode, Park Wyatt, and Foy Edwards, Shawnee, for defendant in error.

PER CURIAM.   This is an appeal from a personal injury judgment rendered in favor of plaintiff, the defendant in error in this court, against defendant, the plaintiff in error in this court. We will refer to the parties plaintiff and defendant as they appeared in the trial court.

Plaintiff alleged that she was injured in the course of her employment in taking inventory of the stock of merchandise in the drapery and upholstering department in defendant's retail store. She was the manager of that department.  She complains that she was injured in lifting a roll or bolt of leatherette. She alleges that her injury was brought about by several combined acts of negligence of the defendant. She contends that her evidence was sufficient to sustain her recovery in establishing that the defendant failed to give her a safe place in which to work, caused her to work in a narrow cramped space, caused her to place herself in a distorted position in handling the leatherette roll, caused her to lift the roll which was too heavy for her to lift, failed to furnish facilities to conveniently and safely handle these heavy rolls and failed to furnish a sufficient number of employees to safely handle this heavy material.

The only question presented by the defendant on this appeal is the sufficiency of plaintiff's evidence to sustain recovery.   The only proposition submitted to this court is that the trial

court should have sustained defendant's demurrer to plaintiff's evidence and should have sustained defendant's motion for a directed verdict.

Plaintiff was the manager of the drapery and upholstering department in defendant's retail store. She was responsible for the ordering of merchandise, the storing of merchandise, for the display of the merchandise, for the inventory of the merchandise in her department. In making the annual inventory of the merchandise to ascertain the quantity of leatherette in stock, she removed a bolt of leatherette from the shelf on which she had placed it and in lifting it her back gave way, thereby suffering the complained of injury.

Under her testimony, they had just ordinary counters and tables used in stores of that character with just ordinary aisles. She was performing her ordinary and normal duties that day in taking the inventory. She had no reason to and did not fear that she would sustain any injury in lifting this bolt of leatherette. She testified:

"Q. Explain to the jury the process you used? A. It was so heavy I couldn't lift it and I had to get down and stoop and I got a piece of paper and put on the floor and pulled one corner of this leatherette out.

"Q. What was the paper for? A. To keep it from getting dirty and I pulled one end of that leatherette out and put it on this piece of paper and reached down and pulled the other end out from under the counter and lifted it up and when I began to lift it up, I hurt my back.

"Q. Tell the jury how you got that across the aisle? A. I just reached down and picked it up, started to pick it up—I had one end up in the air and there was no idea pushing that one end up unless you have the other too, and when I reached down to get the other off of the floor I had all the weight in my hand, and it is when I hurt my back."

Referring to the place of her work, she testified:

"Q. Was there anything unusual about these counters and tables? A. No.

"Q. Just ordinary counters and tables used in a store of that character? A. Yes, sir.

"Q. And an ordinary aisle as you would find in that kind of store? A. Yes, sir.

"Q. Was there anything out of the way that day that was different from what you would normally do in the performance that you do as your duties in that department? A. No.

"Q. You didn't think once that you were going to hurt your back? A. No sir, I didn't.

"Q. Did you have any reason, or did you fear you would sustain any injury from lifting this? A. No, sir, if I had I wouldn't have done it."

On inquiry, she testified she knew another store that kept such materials on rolls or spools. She testified further that they did not keep these materials on spools in this store and that she was not furnished with dollies or other moving equipment to aid her. She was not asked about any other type of moving or lifting mechanical equipment to aid her in this department.

The defendant demurred to the plaintiff's evidence and moved for a directed verdict before the cause was finally submitted.

To establish a master's liability to his servant for negligence, three essential elements must be apparent:

First, the existence of a duty on the part of the master to protect the servant; second, the failure of the master to perform this duty; and, third, injury to the servant proximately resulting from such failure. The duty of furnishing a reasonably safe place in which to work, reasonably safe appliances with which to perform the work, and reasonably careful, prudent, and competent fellow servants, is a nondelegable duty of the employer. Singer Sewing Machine Co. v. Odom, 172 Okla. 411, 45 P. 2d 473. But the employer is not an insurer,

his only obligation being to furnish such a place to work as a reasonably prudent person would furnish under like circumstances. Warden-Pullen Coal Co. v. Wallace, 176 Okla. 604, 56 P. 2d 802.

The servant must determine for himself whether his health and strength are adequate for the performance of labor agreed to be performed under the terms of his employment and the master is not liable for injuries to the servant sustained by overexertion in performing the stipulated labor. Knox v. Schomaker, 191 Okla. 337, 129 P. 2d 841.

The mere fact that the servant received injury does not establish even prima facie the negligence or breach of duty of the master. Whether or not a defendant is guilty of negligence depends upon the question whether he exercised reasonable care under the circumstances existing at the time, not whether he had done everything which it was possible to do in the light of every possible danger that might arise. For accidental injuries or such as occur without any act of negligence on the part of the master, the master is not liable to the injured servant. Chicago, R. I. & P. R. R. Co. v. Nagle, 55 Okla. 235, 154 P. 667; Atchison, T.& S.F. Ry. Co. v. Dempsey, 105 Okla. 221, 232 P. 375; Oklahoma Pipe Line Co. v. Fallin, 176 Okla. 474, 56 P. 2d 372.

As suggested by the plaintiff in her brief, the question presented in this court is whether or not the evidence is sufficient to establish a prima facie case of negligence so as to entitle plaintiff to recover. We are not concerned with contributory negligence or assumption of risk. We find no evidence submitted showing primary negligence on the part of the defendant.

We find no evidence was submitted which would establish that the employer failed to furnish a reasonably safe place in which to work. We find no evidence was submitted to establish that the defendant breached its obligation to the plaintiff in failing to furnish proper equipment or machinery or tools with which to perform her duties in making inventory in this drapery and upholstering department. We find no evidence was submitted to support the claim of negligence on the part of defendant in failing to furnish a sufficient number of employees to perform this job of measuring the quantity of leatherette on hand in this department when they were making inventory of their merchandise. No hidden defect caused injury to the plaintiff. The plaintiff had full knowledge of the location of the leatherette where she had placed it or caused it to be placed in the department. She knew, or should have known, that it was reasonably heavy. As a servant it was her duty to determine for herself whether her health and strength were adequate to lift this leatherette in order to measure the quantity thereof. Her employer is not an insurer and is not liable because she was physically unable to lift this bolt of leatherette. We find from an examination of the record no evidence to sustain the proof of any negligence on the part of the defendant which contributed to the injuries that plaintiff suffered.

The demurrer to the plaintiff's evidence should have been sustained. The motion for a directed verdict filed by the defendant should have been sustained.

This cause is reversed and remanded to the trial court, with instructions to enter judgment for the defendant.

This Court acknowledges the services of Attorneys, W. L. Eagleton, H. L. Smith, T. M. Finney, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.

HALLEY, V.C.J., and WELCH, GIBSON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur. DAVISON, J., dissents.