**SAVAGE v. WOODS et al.**

No. 35786.

Supreme Court of Oklahoma.

March 16, 1954.

Rehearing Denied April 6, 1954.

Homer Cowan, Norman, for plaintiff in error.

Mosteller, Fellers, Andrews & Loving, Oklahoma City, for defendants in error.

WELCH, Justice.

This is an appeal by plaintiff, William Lee Savage, from a judgment rendered in

favor of defendants upon sustaining their demurrer to his petition.

Plaintiff in his petition, in substance, alleges: Defendants are the owners of certain residence property located in Oklahoma City. Plaintiff was invited by defendants and required by them to work on the premises of defendants during the period from July 1, 1951, to July 11, 1951. He was required to work under the house. Defendants kept a dog under the house; that the premises under the house were infected with migrating larvae of the dog hookworm. There was stagnant water under the house and he was required to work in the water. Defendants negligently caused him to be exposed to certain parasites which they kept and harbored under the house, the parasites being passed from the intestines of the dog and deposited on the soil and in the water. They were in the form of little worms which were microscopic in size. These parasites crawled all over his body and got under his skin where they produced more parasites which traveled around in his body thus causing intense itching and infected his body. He became very ill and suffered immense torture and pain. By maintaining such condition under the house defendants were guilty of maintaining a nuisance.

The petition further alleges:

"(d) That by and with the exercise of reasonable and ordinary care the defendants could have known, and would have known of the existence of said parasites under their said house at the time the plaintiff was required and invited to go under same; and it was the non-delegable duty of defendants to know the condition of their property between July 1, and July 11, 1951, and said defendants were negligent in view of this fact coupled with the facts and circumstances set forth in the preceding paragraphs of this petition; and the plaintiff was not chargeable with such knowledge; he had no knowledge of the presence of said worms before they attacked him, and had no duty, and it was in no manner a part of his duties, and he had no authority to remedy the aforesaid filthy condition. Said defendants negligently failed to warn plaintiff of the presence of said worms."

Plaintiff claims damages in the sum of $16,734.50.

Plaintiff contends that the facts pleaded by him in his petition are sufficient to state a cause of action and the court therefore erred in sustaining defendants' demurrer thereto.

The exact relationship which existed between the parties cannot definitely be determined by the allegations contained in plaintiff's petition. The petition states that plaintiff was invited and required by defendants to perform certain work for them on the premises. From this allegation we may assume that it was the intention of the pleader to plead the relationship existing between plaintiff and defendants to be that of master and servant.

Plaintiff asserts that it was the duty of defendants to use reasonable and ordinary care to furnish plaintiff with a reasonably safe place to work and to warn him of all dangers to which he might be exposed while working on the premises and of which they had knowledge actual or constructive. This is a correct statement of the law. Mid-Continent Petroleum Corp. v. Jamison, 197 Okl. 387, 171 P.2d 976, and Mid-Continent Pipe Line Co. v. Price, 203 Okl. 626, 225 P. 2d 176.

It is conceded by plaintiff that in order for his petition to state a cause of action it was necessary for him to allege that defendants had knowledge either actual or constructive of the dangerous condition of the premises on which he was required to work.

His petition, however, contains no allegations that defendants had actual knowledge of the dangerous condition existing. The allegation as to knowledge is that with the exercise of ordinary and reasonable care they could and would have known of the existence of the parasites under the house. This allegation, however, as con-

tended by defendants, constitutes the mere pleading of a legal conclusion. There are no facts pleaded by plaintiff in his petition from which such conclusion may be legitimately drawn, but, on the contrary, plaintiff alleges that the parasites complained of were microscopic in size. Under the allegations it would have required a microscopic examination of the soil in order to discover their existence. Ordinary and reasonable care would not require that defendants make such examination in order to discover the infected condition of the soil. This allegation completely negatives plaintiff's allegation that defendants by the use of ordinary and reasonable care could and would have discovered that parasites existed in the soil under the house. In other words, the facts pleaded completely destroy the conclusion pleaded. Such conclusion will therefore be disregarded in passing upon the sufficiency of the petition.

The doctrine of assumed knowledge or assumed skill is not applicable here.

There is no allegation contained in the petition as to the circumstances under which plaintiff was engaged to do the work or the nature of work he was required to perform; nor is there any allegation as to the length of time the condition under the house existed prior to the time he was engaged to do the work. The condition under the house where plaintiff was required to work was as obvious to him as it was to defendants. There is no allegation that he ever made any objection or complaint to defendants about working under such condition.

We conclude that plaintiff's petition does not state facts sufficient to charge defendants with knowledge that parasites existed in the soil under the house, nor does it state facts sufficient to charge defendants with the maintenance of a nuisance.

The trial court ruled correctly in sustaining defendants' demurrer to plaintiff's petition.

Judgment affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, DAVISON and O'NEAL, JJ., concur.

WILLIAMS, J., dissents.