**LAFFOON OIL COMPANY, a corporation, and McDaniel Well Service Company, Plaintiffs in Error,**

v.

**Earl FLANAGAN, Defendant in Error. No. 37838.**

Supreme Court of Oklahoma.

Sept. 23, 1958.

John T. Edwards, Oklahoma City, for plaintiff in error, Laffoon Oil Co.

William A. Vassar, Chandler, for plaintiff in error, McDaniel Well Service Co.

Richard James, Stroud, for defendant in error.

PER CURIAM.

This is an action for damages resulting from the collapse of an oil well derrick which fell onto the defendant in error's vehicle. Basically, the facts are that the defendant in error was employed as a pumper for plaintiff in error, Laffoon Oil Company, on its Stewart Lease in Lincoln County; that plaintiff in error, McDaniel Well Service Company, a co-partnership, had been employed by Laffoon Oil Company to service the wells on this lease; that in attempting to perform this service, McDaniel Well Service Company used the steel derrick that was situated over the well; that this was an oil derrick which had not been used in 7 or 8 years; that, after installing a crown block on the derrick, when the McDaniel Well Service Company started to pull the rods, but before they had taken up the slack in the rods and applied the full stress of the pull on the derrick, the derrick collapsed; the defendant in error's pick up truck was parked near the well and the derrick fell on it causing the damage, the extent of which is not disputed.

The defendant in error brought this action against his employer and the McDaniel Well Service Company. The petition alleged that Laffoon Oil Company was negligent in maintaining the derrick " * * * the same not being of proper construction to withstand the pressure of pulling the rods * * *", and in " * * * that they did not provide a reasonably safe place * * *" for defendant in error to work. It was also alleged that McDaniel Well Service Company was negligent in failing to test the derrick, in not observing that the derrick guy wires were loose, and in not using their own unit instead of the derrick. Upon trial the jury returned a verdict against both plaintiffs in error and each has appealed.

Laffoon Oil Company urges that the defendant in error failed to allege and prove a cause of action against it. Specifically, it is urged that there is an entire lack of an allegation and evidence to establish the requisite knowledge by the employer of any defective condition of the derrick. The evidence concerning the condition of the derrick does not establish the cause of its fall. Also, there was no testimony that the derrick was not properly maintained. In fact, it was affirmatively established that no one knows the cause of this accident. One of the well service company's co-partners testified on cross-examination that the derrick structure had a manufacturer's rating of two-hundred-thousand pounds as a safe working load and that not more than four-thousand pounds stress had been applied when the collapse occurred. He concluded from this that the derrick was defective. However, he also testified that he did not examine the derrick after its collapse to determine the cause and that he does not know the cause. It also appears that some ten years previously this well service company had performed this identical job on this well using this derrick without incident.

 Assuming for purposes of this discussion only and without deciding that the statutory duty to provide an employee a reasonably safe working area is applicable to this action, although plaintiffs in error urged the contrary since no personal injury was involved, we do not believe that the evidence establishes a breach of that duty. An employer is not an insurer. Sears, Roebuck & Company v. Skeen, 207 Okl. 180, 248 P.2d 582. The employer must have been negligently responsible for the resulting damage and the burden of proving this negligence is upon the employee. Patrick's Inc. v. Mosseriano, Okl., 292 P.2d 1003. Nowhere in this record is there any evidence to prove or from which a reasonable inference may be drawn that the Laffoon Oil Company was negligent in failing to furnish the employee with a place to work such as a reasonably prudent person would furnish under like circumstances.

The fact of the accident itself does not even prima facie establish negligence. Patrick's Inc. v. Mosseriano, supra. If we were to assume that the derrick was defectively constructed, there is no evidence that Laffoon Oil Company constructed it or that any defect (whatever it may have been) was such that Laffoon knew or ought to have known of it in the exercise of ordinary care and diligence. Only under such circumstances would negligence be established against the employer. Savage v. Woods, Okl., 268 P.2d 858; Stout v. Schell, 206 Okl. 153, 241 P.2d 1109. The demurrer to the evidence and motion for a directed verdict of Laffoon Oil Company should have been sustained.

■ McDaniel Well Service Company also attacks the sufficiency of the evidence to sustain the verdict. In addition to the facts heretofore stated, it appears that an employee of this plaintiff in error climbed the derrick to install the crown block and that he did not observe anything wrong with the derrick; that it is customary in the industry to use the derrick at a well if one is available rather than to use the well service company's equipment; that the derrick looked "good" to the co-partner in the well service company who was present; that the guy wires were not tested but that they do not strengthen the derrick but are merely to keep the wind from blowing the derrick over; that the period of greatest stress is when the pull on the rod unseats the pump but that this pump had not been unseated at the time of accident; that the McDaniel Well Service Company did nothing but "what any reasonable and careful and prudent person would do." It also appears that plaintiff was the employee of Laffoon Oil Company, who was responsible for all equipment on this lease. This proposition is likewise well taken.

The defendant in error alleged three specific matters as actionable negligence on the part of this plaintiff in error. There was no evidence to support either allegation. There was no testimony that a test or inspection of the derrick would have revealed a defect. The testimony of Mr. McDaniel concerning the construction of the derrick was, at most, speculation for he testified positively, as did the defendant in error, that he did not know what caused the derrick to fall. Secondly, there was no testimony that the guy wires were not properly maintained, and in addition the undisputed evidence was that they did not add to the strength of the derrick. Finally, there was no evidence that McDaniel Well Service Company should have used its pulling unit rather than the available derrick. Instead it was established that the derrick at a well was always used by a well service company.

■ But, defendant in error contends that the doctrine of res ipsa loquitur is applicable against this plaintiff in error. This would be true except that McDaniel Well Service Company did not have the necessary management of the instrumentalities involved. One of the essential factors in the application of that rule is that all of the instrumentalities must have been under the control of the person against whom the rule is asserted. Carter Oil Co. v. Independent Torpedo Co., 107 Okl. 209, 232 P. 419. The management and control contemplated means "something more than the actual possession and use at the time of the accident and that it must include that previous management and control which is responsible for the fitness of the instrumentalities for the intended use." Cosden v. Wright, 202 Okl. 211, 211 P.2d 523, 528. Here, the derrick was under the management and control of the lease owner.

The judgment is reversed.

WELCH, C. J., CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS, JACKSON and CARLILE, JJ., concur.

BLACKBIRD, J., concurs as to Laffoon Oil Company, a corporation, and dissents as to McDaniel Well Service Company.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by the Commission, the

cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.