Margaret Pauline SMITH, Plaintiff in Error,

v.

Howard TRICE and Ione Trice, Defendants in Error.

No. 39887.

Supreme Court of Oklahoma.

April 30, 1963.

Spillers, Spillers & Givens, Tulsa, for plaintiff in error.

Foliart, Shepherd & McPherren, Oklahoma City, for defendants in error.

PER CURIAM.

Parties herein will be referred to by name or by their trial court status.

Plaintiff had been serving as a domestic employee for several years prior to July 8, 1957, in the home of defendants. On that date, while working together with defendants and two relatives of Mrs. Trice, and under instructions of Mr. Trice, plaintiff injured her back while lifting one end of a piano.

Thereafter, plaintiff sued defendants alleging in her petition and amended petition negligence, substantially as hereafter set out:

1. That defendants knew, or should have known, that an attempt by plaintiff to lift the piano would expose her to injury;

2. That defendants failed to furnish sufficient fellow servants or employees to assist plaintiff in lifting and moving the piano;

3. That defendants knew it would be dangerous for plaintiff to lift the piano, and notwithstanding, defendants failed to warn plaintiff of the possible consequence thereof.

Defendants, by answer, denied any negligence on their part, and alleged that any injury that plaintiff might have received was due to her own negligence; or that plaintiff's negligence contributed to her injury; and plaintiff knew, or should have known, her own physical capabilities which were not known to defendants, but that in spite of this knowledge plaintiff exerted herself in such manner as to cause the injuries that she complains of, if any, and that plaintiff assumed the ordinary risks of her employment.

After all evidence had been introduced, the trial court sustained defendants' demurrer to the evidence and dismissed the case.

The evidence shows that plaintiff was 43 years of age and had been acquainted with defendants for some 27 years and had "done housework for them off and on" for ten or eleven years and also had done housework for others; that in this capacity her duties consisted of general housework which included moving furniture, and that some pieces of furniture were heavier than others; that plaintiff was about the size of Mr. Trice and about 20 years younger; that prior to July 8, 1957, plaintiff was accustomed to "awful heavy work"; that she had "thrown her sacroiliac out a couple of times"; that once this occurred when she lifted a case of bottles which caused her to visit a chiropractor.

The basement was being converted into a club room and was in a remodeling process; and on July 7, 1957, plaintiff had assisted in painting the concrete floor in preparation for laying linoleum; that on July 8, 1957, the two defendants, Mrs. Trice's two sisters and plaintiff were in the basement of defendants' home for the purpose of laying linoleum.

The linoleum was in a large roll on the basement floor, and when laid was large enough to more or less cover the entire floor. Mrs. Trice and her two sisters moved the linoleum into position in front of an upright player piano. Mr. Trice was at one end of the piano and told plaintiff "to get at that end and they raised the rug up and told me—* * *. So I raised the piano up and told them to shove, and by the time I raised it up, why, I fell over with a pain in my back."

Plaintiff's evidence also shows that defendants did not warn her or caution her about lifting the piano, nor of the risks involved; and that plaintiff had never before lifted or moved a piano; nor was she familiar with the interior of a piano, but she did know it was heavy.

For reversal plaintiff urges in her brief five propositions: (1) that defendants were under a duty to furnish sufficient number of persons to perform a required service, and in failing to do so are liable; (2) that plaintiff did not assume the risk in this instance when she complied with the command or threat of Mr. Trice when she did so without knowledge of the danger; (3) that defendants knew, or should have known, of the danger in which plaintiff was placed in the execution of the instructions or orders, and that plaintiff, by reason of immature years or inexperience was unable to appreciate the dangerous character of the assigned task, and defendants owed a duty to warn plaintiff of the perils involved; (4) that plaintiff could rely on Mr. Trice's command, notwithstanding her own misgivings, even though

she could have justified a disobedience of the command; (5) and that the so-called "strain" rule does not exclude plaintiff's recovery, for the facts are such that in this case there is an exception.

■ In deciding this case we must accept as true all evidence and inferences therefrom favorable to the plaintiff, and in this respect, if the evidence fails to show any primary negligence on the part of defendants, it will be our duty to affirm the trial court.

■ We shall deal with plaintiff's contentions together, but with particular emphasis on the last contention. Plaintiff's brief states, and we agree, that the "strain" rule is recognized in Oklahoma, and cites Warden-Pullen Coal Co. v. Wallace, 176 Okl. 604, 56 P.2d 802, in which this Court held:

> "The servant must determine for himself whether his health and strength are adequate for the performance of the labor agreed to be performed under the terms of his employment, and the master is not liable for injuries to the servant, sustained as the result of overexertion in performing the stipulated labor."

Plaintiff asserts that "there are well-recognized exceptions to the foregoing rule which are present in the case at bar; and accordingly, if such exceptions exist, the trial court committed reversible error * * *." Plaintiff cites Sorenson v. Northern Pac. Ry. Co., 53 Mont. 268, 163 P. 560; Matson v. Hines, 63 Mont. 214, 207 P. 474; and Boyd v. Great Northern Ry. Co. et al., 84 Mont. 84, 274 P. 293. These cases show that the Supreme Court of Montana adheres to the general rule as reflected in Warden-Pullen Coal Co. v. Wallace, supra, but also recognizes certain exceptions. In the Montana cases these exceptions apply to "a person of immature years" or one who "is inexperienced in a particular work".

■ If, arguendo, we should assume these exceptions would apply in this State,

the evidence before us shows that plaintiff was 43 years of age; that she had been doing housework for at least ten years, which included the moving of furniture in various households; and that she knew a piano was heavy. This evidence negates or fails to show immaturity or inexperience.

Plaintiff urges that there were an insufficient number of persons to perform the task and that this became an issue for the jury to decide. We feel it is unnecessary to decide this point, but we note that plaintiff's evidence in this respect showed two men were generally used to move pianos by a witness in the moving profession and that he had never used women in that capacity; that the piano weighed 750 to 800 pounds; that five persons were engaged in the task of manipulating the linoleum under the piano.

This issue was raised in Sears, Roebuck & Co. v. Skeen, 207 Okl. 180, 248 P.2d 582, along with many other contentions that appear in the case before us. In the cited case we said:

> "The servant must determine for himself whether his health and strength are adequate for the performance of labor agreed to be performed under the terms of his employment and the master is not liable for injuries to the servant sustained by over-exertion in performing the stipulated labor. Knox v. Schomaker, 191 Okl. 337, 129 P.2d 841.

> "The mere fact that the servant received injury does not establish even prima facie the negligence or breach of duty of the master. * * *

> "As suggested by the plaintiff in her brief, the question presented in this Court is whether or not the evidence is sufficient to establish a prima facie case of negligence so as to entitle plaintiff to recover. We are not concerned with contributory negligence or assumption of risk. We find no evidence submitted showing primary negligence on the part of the defendant.

"* * * She knew, or should have known, that it was reasonably heavy. As a servant it was her duty to determine for herself whether her health and strength were adequate to lift this leatherette in order to measure the quantity thereof. Her employer is not an insurer and is not liable because she was physically unable to lift this bolt of leatherette. We find from an examination of the record no evidence to sustain the proof of any negligence on the part of the defendant which contributed to the injuries that plaintiff suffered."

Neither does plaintiff's testimony establish "threats", "commands", or "Orders" by Mr. Trice which caused her to lift the piano; or that plaintiff was not warned. These elements are relied on as serving to distinguish the case before us from the Sears, Roebuck & Co. case, supra.

To the question "You knew though that the piano was a heavy object, didn't you?", plaintiff responded: "Well I thought if he (Mr. Trice) could lift it I could." And to the question "And you felt if he was willing to lift it up you were willing to lift it up?", plaintiff nodded "yes".

From an examination of all the evidence, we hold that the trial court correctly sustained the demurrer to plaintiff's evidence and there was hence no error in dismissing the cause.

Affirmed.

The Court acknowledges the aid of the Supernumerary Judge, N. S. Corn, in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

BLACKBIRD, C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.

WELCH, J., dissenting.