## CLEMENS v. ST. LOUIS & S. F. R. CO.

No. 1765. Opinion Filed March 15, 1913.

(131 Pac. 169.)

1. **NEGLIGENCE—Pleading—Contributory Negligence—Admissions.** In an action for personal injuries, where defendant denies generally, and alleges contributory negligence, the latter allegation is not an implied admission of negligence, rendering proof of negligence unnecessary, and limiting the issues to that of contributory negligence.

2. **MASTER AND SERVANT — Injuries to Servant — Evidence.** Where, in a suit for personal injuries sustained in a collision by plaintiff's intestate while an engineer on defendant's train, deceased was under orders to run from C. to L., which he did, and while running, under slow speed on the main track to the station at L. collided, in a dense fog, with a switch engine making up another train due to leave an hour and a half before, held, the pleadings raising the issue, that it was error for the court to exclude testimony offered to prove a custom, in effect, that the rule requiring deceased to take the side track under said order had been abandoned by being habitually disobeyed and disregarded by him with knowledge of the defendant.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*S. H. Russell, Assigned Judge.*

Action by Elizabeth Clemens against the St. Louis & San Francisco Railroad Company. Judgment for defendant, and plaintiff brings error. Reversed.

*W. L. McCann* and *A. T. Earley,* for plaintiff in error.

*W. F. Evans* and *R. A. Kleinschmidt,* for defendant in error.

TURNER, C. J. This is an action in damages for personal injuries, brought by plaintiff in error, as the widow of James W. Clemens, against the defendant in error in the district court of Oklahoma county.

The petition substantially states that on January 14, 1907, deceased, while in the employ of defendant as an engineer on extra No. 340, started with his train, consisting of an engine and eleven cars, from Cache to Ft. Sill, by way of Lawton, where the same was due to arrive each day at 8:30 a. m., and where it was customary and in conformity to defendant's orders to approach the station on the main line, for the purpose of receiving orders to proceed; that on said morning a train, known as local No. 475, was making up at Lawton to go west through Cache to Quanah, Tex.; that when said extra No. 340 arrived at the west switch at the head of the passing track at Lawton it was defendant's duty to have the main track clear; that it failed so to do, but negligently permitted train No. 475 to operate on the main line between said switch and the station without notice to train No. 340, and as a result, while approaching under full control said station on said day, the engine attached to said extra No. 340 was struck by the engine of No. 475, which, owing to a dense fog, deceased could not see in time to avert a collision, and he was thrown from his cab and fatally injured.

· For answer, after a general denial, defendant alleged that deceased was guilty of contributory negligence, in that it was his ·duty, as a matter of reasonable precaution, and according, not only to the custom; but the rules and regulations of the company then in force, to approach the yards and terminals at that place

cautiously, with his engine under full control, and to look out for other trains in the yards as he approached with his train, and not to proceed beyond the junction of the passing track until so ordered, but to side-track his train thereon; all of which, it is alleged, he did not do, but approached with his engine not under full control, and did not take the side track, but went down the main track without orders so to do, and without keeping the proper lookout, in consequence of which the collision occurred. The answer specifically denies that deceased was obeying the orders, rules, and regulations of the company at the time of the injury, but charges that the same was occasioned by his disobedience to an order, which reads:

Form 31, St. Louis & San Francisco Railroad Company.
    Train Order No. 21.
    Cache, Jan. 14, 1907.
    To C. & E. Eng. 340 at Cache Station.
    X_____Opr._____M.
    Order No. 8 is annulled.
    Engine 340, Barkalow, will run extra,
    Cache to Lawton, with right over No. 475.
                                   [Signed] J. H. J.
Conductor and Engineer must both have copy of this order.
Repeated at 7:41 a. m.
Conductor: Barkalow. Train: Ex. 340. Made: Complete.
Time: 7.41. Opr.: A. M. Booker.

—and which, under the rules of the company, it says, meant that No. 340 was required to run as an extra from Cache to Lawton prior to the departure of train No. 475, and that, said No. 340 being inferior in class to the former, and its engine having the right to switch anywhere in the yards, it was the duty of deceased to side-track his train on the passing track and keep out of way of trains in the yards, and that the right of way of train No. 340 expired under said order when said passing track was reached. Defendant filed copy of said rules, regulations, and order, and alleged that the same were or could have been known to deceased by the exercise of due care, and asked to be discharged, with its cost.

For reply, after a general denial, plaintiff specifically denied the existence of any custom, rule, or regulation, in force at the time of the injury, requiring deceased to approach the yards or terminals of defendant at Lawton cautiously and with his engine

under control, but averred that he did so. Plaintiff further denied the existence of any custom, rule, or regulation requiring deceased to look out for trains in the yard at that point as he approached with his train, but averred that he did so, but on account of the fog could not see the colliding engine in time to avoid the injury. Plaintiff further denied the existence of any custom, rule, or regulation making it the duty of deceased not to proceed beyond the junction of the passing track until so ordered, but to side-track his train on the passing track, and averred that if defendant had any such custom, rule, or regulation it permitted the same to be, and the same had been, abandoned by being for a long time prior thereto habitually disobeyed and disregarded, with the full knowledge of defendant. Plaintiff further averred that by authority of the orders of defendant, and in keeping with its reasonable rules and regulations in force at the time, deceased had the right to proceed as he did on the main line to the depot at Lawton, and that such had been the custom for a long time, with defendant's knowledge.

At the close of the testimony there was judgment rendered and entered for defendant pursuant to a verdict directed by the court, on the ground that no negligence was shown, and plaintiff brings the case here.

Plaintiff assigns this for error, because, she says, the plea of contributory negligence was an admission of negligence by defendant. Not so. Such a plea following a general denial in a preceding paragraph, as here, is not, under our Code, such an admission. 29 Cyc. 582; 5 En. Pl. & Pr. 11 and 12. 6 Current Law, 768, 769, says:

"While a denial of negligence and an allegation of contributory negligence are verbally inconsistent, they are not so in practice, and a defendant need not elect between the two defenses; nor does the plea of contributory negligence, when properly pleaded, admit the negligence as charged in the petition."

In *Geo. Fowler, etc., v. Brooks,* 70 Pac. 600, the syllabus says:

"In an action for personal injuries, where defendant denies generally, and alleges contributory negligence, the latter allegation is not an implied admission of negligence, rendering proof of negligence unnecessary, and limiting the issues to that of contributory negligence."

The undisputed testimony discloses that the run of No. 340 was made from Cache to Lawton under the order set forth in defendant's answer; that under the rules of the company introduced in evidence it meant that No. 340 was required to run as an extra, with right of way on the main track from Cache to Lawton before No. 475 left that point, and there take the passing track and keep out of the way of No. 475; that said order and rules were disobeyed by deceased, who, after whistling at the whistling post for town, upon reaching the passing track, sought to continue down the main track up to the station at a speed of about six miles an hour, when the collision occurred in a fog so thick that engine No. 475 could not be seen in time to avert the accident. The testimony further discloses that No. 340 was an extra train loaded with ballast, and that it had been running under special orders for several days between those points. To avoid the force of this testimony, in effect, that the injury occurred as a result of deceased's violation of said order and the rules of the company, plaintiff, pursuant to her plea, offered to prove that the rule requiring No. 340 to take the passing track at Lawton had, with the knowledge of defendant, been so habitually violated by deceased as to amount to its abrogation, and that it was customary for him to do as he did on this occasion, which was to continue on the main track up to the station and there receive his orders. To this offer the court said:

"I am not going to let any custom in, even if this witness knows it, that would control this case or the admissibility of the evidence, in view of the order that has been proved and admitted to be in force."

Therein the court erred, for the reason that evidence tending to prove that the rule relied on has been nullified and abandoned by being constantly violated, with the knowledge of the master, is admissible. 8 Am. & Eng. Ann. Cases, note, pp. 15, 16, and 17, and cases cited. If such were true, it was negligence on the part of defendant to dispatch this extra train to Lawton without notifying train No. 475, switching in the yards at that point, of its approach, in order that it might keep out of the way, or without notifying No. 340 that train No. 475, scheduled to leave at 7

a. m., or an hour and a half before the accident, had not yet left the yards.

In *McGraw v. T. P., etc., R. R.*, 50 La. Ann. 466, 23 South. 461, 69 Am. St. Rep. 450, it is said:

"It is negligence to omit to notify the employees who are dispatching an extra freight train by night that the track is obstructed at a yard which the train will reach within an hour after starting, and also negligence to omit to notify those in charge of the yard that the train is coming."

See, also, 1 Labatt, 487; *Sheehan v. N. Y., etc., Ry. Co.*, 91 N. Y. 332.

The judgment of the trial court is reversed.

All the Justices concur.