## LUPER TRANSPORTATION CO.
### v. CAMPBELL.

No. 30621. Sept. 29, 1942.

Rehearing Denied Jan. 19, 1943. Application for Leave to File Second Petition for Rehearing Denied Feb. 2, 1943.

*133 P. 2d 197.*

Butler & Rinehart, of Oklahoma City, and Con Long, of Seminole, for plaintiff in error.

Sandlin & Balch, of Holdenville, and Frank Seay, of Seminole, for defendant in error.

PER CURIAM. This is an appeal from a judgment for the plaintiff in an action in damages for personal injuries. The testimony discloses that Roy Campbell, age 31 years, was working for Luper Transportation Company, defendant, on November 10, 1940, as a line driver; that he left Oklahoma City about 8 o'clock a. m. of said day and arrived at Seminole, Okla., at about 1:30 p. m.; that Howard Sims was dock foreman at the place where the plaintiff was to unload his wares for defendant at Seminole; that plaintiff had certain oil field belts to unload at the dock. The small belts weigh three to four hundred pounds and the large belts around twelve hundred pounds. Plaintiff drove up and started to unload a large twelve-hundred-pound belt and saw that, due to its position in the truck, it would require either a truck or a dolly or some hoist appropriate to its weight. He suggested to Howard Sims that he would need such appliance, but Sims stated that to use rollers would cut the belt. There was no hoist to use. Plaintiff, in attempting to unload the belt without any appliance, was caught under the heavy belt and broke his left leg. Sims called an ambulance and took plaintiff to the hospital.

A trial to a jury resulted in a verdict for $2,500. A remittitur was ordered, and being filed, judgment was entered for the plaintiff for $1,500.

Defendant appeals from the action of the trial court and in the allegations of error present four general propositions divided into paragraphs which will be considered in their order. The first and second propositions are that there is no evidence of negligence, and if there is any evidence of negligence, there is no causal connection between it and the accidental injury. There is no doubt that if the jury believed the testimony of the plaintiff alone, he was not furnished proper equipment for the unloading of the heavy belt. It is argued that plaintiff wholly failed to establish that Howard Sims, the dock foreman, was negligent in any way. We are of the opinion, and hold, that the gist of the question of fact submitted to the jury was whether, under all the facts and circumstances, the failure to afford rollers, trucks, dollies, or a hoist or other appropriate machinery necessary to a proper unloading of the heavy belts, was negligence. Defendant has cited Singer Sewing Machine Co. v. Odom, 172 Okla. 411, 45 P. 2d 473; Sallisaw Cotton Oil Co. v. Holland, 56 Okla. 428, 156 P. 174, together with other cases applying the fellow servant rule and discussing primary negligence generally. We have examined these cases. We cannot escape the conclusion that here plaintiff was properly permitted to go to the jury on the question

of negligence in failing to furnish the proper tools and appliances under the conditions presented. It is the duty of the master to furnish a reasonably safe place for the servant in which to work and reasonably safe tools and appliances with which to perform the work. Kansas City Southern Ry. Co. v. Hoyle, 185 Okla. 211, 90 P. 2d 1042. Defendant's own dock foreman recognized the danger of trying to move the heavy belt from its position, but sought to protect the master rather than the plaintiff servant, when he suggested that to use the proper appliances would cut or scar the belt.

' Neither can we agree with the contention that the accident resulted from a risk assumed by the plaintiff. In this state contributory negligence and assumption of risk are questions of fact for the jury. Chicago, R. I. & P. Ry. Co. v. Hill, 36 Okla. 540, 129 P. 13; St. Louis-S. F. R. Co. v. Long, 41 Okla. 177, 137 P. 1156; Osage Coal & Mining Co. v. Sperra, 42 Okla. 726, 142 P. 1040. Plaintiff requested that he be furnished with proper appliances, and his request was refused. The rule that under such facts the employee does not assume the risk in such cases has been recognized in 35 Am. Jur. 747, and the distinction noted in Kansas City Southern Ry. Co. v. Hoyle, supra, citing Steele v. Erie Ry. Co. (2 Cir.) 54 Fed. 2d 690.

The final proposition is that the trial court erred in allowing certain witnesses to testify that the methods used to unload the heavy belt were unsafe. We cannot consider this assignment even if error. No objection was made to the competency of the witnesses or the relevancy of the nature of such testimony on the ground that it was not competent for the purpose of proving this issue.

The only objection made was to certain testimony on the ground that the questions called for mere conclusion. Other testimony was introduced without objection to prove the same issue. The rule announced in such cases is that the error, if any, is waived. See Gafford v. Davis, 58 Okla. 303, 159 P. 490.

The judgment of the trial court is affirmed.

O S B O R N, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., CORN, V. C. J., and RILEY, J., absent.