Gertrude DOW and the Bankers Life and Casualty Company, a Corporation, Plaintiffs in Error,

v.

Letha TARKINGTON, Defendant in Error.

No. 41799.

Supreme Court of Oklahoma.

Feb. 18, 1969.

Rehearing Denied April 8, 1969.

Hall & Sublett, Carl D. Hall, Jr., Tulsa, for plaintiffs in error.

Rainey & Barksdale, and James S. Steph, Okmulgee, for defendant in error.

JACKSON, Justice.

The question for decision in this appeal is whether plaintiff's evidence is sufficient as a matter of law to establish primary negligence on the part of the defendants.

Plaintiff in the trial court, Letha Tarkington, age 61, was a maid or housekeeper at the Beauclair Hotel in Okmulgee, Oklahoma, managed by defendant Gertrude Dow and owned by defendant Bankers Life and Casualty Company. Her work consisted chiefly in cleaning apartments that had been vacated in anticipation of the arrival of new tenants.

On the morning when plaintiff Tarkington was injured she was directed by Mrs. Dow, the manager, to clean a vacant apartment. Plaintiff testified she cleaned the kitchen, the stove and ice box, and mopped the kitchen floor. That as she was leaving the kitchen with a water bucket and mop in hand Mrs. Dow inquired—"Letha, did you clean the (kitchen) shelves?" Upon being informed that plaintiff had not cleaned the shelves Mrs. Dow told plaintiff to "Take that chair and clean the shelves." Plaintiff further testified that she knew she was working for Mrs. Dow "so I did what she said." In describing the condition of the floor plaintiff testified:

"I had just mopped it, it was wet, it was linoleum, they had linoleum on the floor; she said herself it was wet, she said that when I came to the door, and I said that I had just got through with it."

Plaintiff further testified that the chair referred to by Mrs. Dow, and used by plaintiff, was "a plain wooden chair" like a kitchen chair. That she put the chair in front of the shelves and got upon the chair and cleaned the bottom shelf and when she reached for the top shelf the chair slipped from under her and she fell, sustaining injuries.

From verdict and judgment in favor of plaintiff, defendants appeal and present the question of the sufficiency of the evidence to show primary negligence under the following proposition:

"Proposition 1. The evidence is insufficient as a matter of law to establish primary negligence on the part of the defendants for the reason that plaintiff had equal knowledge with defendants as to the danger, if any, of standing on a chair and dusting shelves when the floor was wet."

Defendants' Proposition No. 1 overlooks, and does not include, a significant portion of plaintiff's testimony. Plaintiff testified the linoleum floor was wet and Mrs. Dow told her to "take that chair and clean the shelves—so I did what she said."

In 35 Am.Jur., Master and Servant, Section 273, it is said:

"Ordinarily, an employee has a right to assume that he may safely act under the direction or command of his employer or of the foreman or other superior employee under whom he is working. Accordingly in determining the issue as to responsibility for the employee's injury, much importance attaches in the fact that the employer or his representative gave a command, order, or direction to the employer to do the act which resulted in injury to the latter. Where this fact is shown, the issue as to responsibility or negligence is held, ordinarily, to be properly submitted to the jury.

"It is a fundamental of the relation of master and servant that the servant shall yield obedience to the master; and this obedience an employee properly may accord even on being confronted with perils that otherwise should be avoided. In any case, but more plainly where a command is sudden and there is little or no time for reflection and deliberation, the employee may not set up his judgment against that of his recognized superiors; on the contrary, he may rely upon their advise, assurances, and commands, notwithstanding many misgivings of his own. It by no means follows that because he could justify disobedience of the order he is barred of recovery for injuries received in obeying it. He is not required to balance the degree of danger and decide whether it is safe for him to act; on the contrary, he is relieved in a measure of the usual obligation of exercising vigilance to detect and avoid the danger."

See also 35 Am.Jur., Master and Servant, Section 320, wherein it is stated that compliance with employer's order or direction may constitute an exception to the rule of assumption of risk.

█ We recognized the principles of law set forth in 35 Am.Jur., Sec. 273, in Baker v. J. H. Hudson Drilling Co., 149

Okl. 180, 300 P. 386, and in the second paragraph of the syllabus held:

"The master is liable in damages for an injury suffered by the servant attributable to his obedience to the order of the master or his representative to perform work in a dangerous manner, unless the danger is so imminent that an ordinarily prudent man would not incur it, and in such case the question of the servant's negligence in the execution of the order is an issue of fact for determination by the jury and not one of law for the court."

The question presented to us is not whether plaintiff was contributorily negligent or assumed the risk. The question is whether the defendants were primarily negligent in ordering plaintiff to use an ordinary kitchen chair as a step ladder on a wet linoleum floor. The jury has found in effect that the use of the chair on the wet linoleum was dangerous and that the order to use it under such circumstances constituted negligence. Having ordered the chair to be used on a wet linoleum the defendants may not escape a portion of the responsibility that goes with its use. It is also true that under the order as given plaintiff was "relieved in a measure of the usual obligation of exercising viligence to detect and avoid the danger."

Our attention is invited to Smith v. Trice, Okl., 381 P.2d 305, wherein a 43 year old domestic servant injured her back while assisting the master in lifting a piano. In that case this court concluded that plaintiff's testimony did not establish threats, commands, or orders by the master which caused plaintiff to lift the piano. To support that view plaintiff was quoted as testifying "Well I thought if he (Mr. Trice) could lift it I could"; and to the question "And you felt if he was willing to lift it up you were willing to lift it up?", plaintiff nodded "yes". While this court's evaluation of her testimony may be debatable the court's decision rested upon facts that did not include directions, orders, or commands from the master.

We have carefully considered all of the arguments and contentions of the defendants and have concluded that the testimony presented to the jury bring this case within the rule as expressed in 35 Am.Jur., Master and Servant, Sections 273 and 320, and in Baker v. J. H. Hudson Drilling Co., supra. We further conclude that the evidence was sufficient to establish primary negligence on the part of the defendants.

In a second proposition, defendants urge that the court erred in its instruction as to the amount recoverable for loss of earnings. The argument, based on an interpretation of the evidence most favorable to defendants, is that she was entitled to recover only for the period between her accident and her release by the doctor (about four and one half months), and that the instruction was erroneous in that it permitted a recovery for future loss of earnings.

However, there was evidence, expert and otherwise, justifying a jury finding that as a result of her knee injury, her condition is such that she is no longer able to work at her usual occupation as a domestic servant, but is now restricted to baby sitting or "sitting with a few sick ladies, some one's mother, something like that". Before the accident, she earned about $150.00 per month as a domestic servant; between the accident and time of trial (about 3 years), she earned only about $400.00. The jury's award for loss of earnings, pursuant to the court's instruction, amounted to only about $50.00 per month based on her stipulated life expectancy. Her knee condition is permanent. We hold that the court's instruction on this point was not erroneous.

The judgment of the trial court is affirmed.

IRWIN, C. J., and DAVISON, WILLIAMS, BLACKBIRD, HODGES, LAVENDER and McINERNEY, JJ., concur.

BERRY, V. C. J., dissents.