Virginia S. McCLENDON, Plaintiff in Error,

v.

Bannon G. McCALL and Margaret Louise McCall, Defendants in Error.

No. 43074.

Supreme Court of Oklahoma.

Oct. 5, 1971.

Woodrow McConnell and Emmett Rice, Oklahoma City, for plaintiff in error.

Harry R. Palmer, Jr., Oklahoma City, for defendants in error.

IRWIN, Justice:

The Court of Appeals, Division No. 2, reversed the judgment of the trial court and remanded the cause for a new trial. On certiorari, the decision of the Court of Appeals is reversed, and the judgment of the trial court is affirmed.

Plaintiff in error (plaintiff), an employee of defendants, commenced this action to recover damages allegedly sustained as a result of a slip and fall accident on defendants' premises. The cause was submitted to the jury and it failed to reach a verdict because it became "deadlocked". The trial court then sustained defendants' motion for judgment on the pleadings and demurrer to the evidence and dismissed plaintiff's action. Plaintiff has appealed.

Defendants are husband and wife and plaintiff was employed in their home as a housekeeper. During her employment on February 2, plaintiff slipped and fell on an allegedly icy step and sustained injuries.

Plaintiff testified that she drove to work on the day of the accident and arrived at defendants' home at 7:45 A.M.; that the weather was cold but she had no difficulty in driving to work and she could not remember whether there was any ice or snow on the streets; and that she parked her car in front of defendants' home and walked up the steep driveway and did not observe any snow or ice, but she saw damp spots and didn't know whether there was ice under the damp spots.

Plaintiff further testified that the husband brought his wife home from the hospital about 11:00 A.M., and he "came in and told me he was back with her and * * * to come help him get her out of the car". The car was parked in the street in front of defendants' home. Plaintiff testified that she walked across the front porch of defendants' home, across the sidewalk in the front yard to the steps leading from the yard to the street and observed no ice or snow. She slipped and sustained her injuries while she was walking down the steps to the street. She testified that after she fell she made an examination of the steps and it seemed "like three-fourths of it was covered by ice * * * it was clear ice * * * and just damp looking". On cross examination it was brought out that in a deposition, plaintiff testified that she did not see any ice on the steps and that "it only looked damp and I was amazed at there being ice there when I felt when I tried to get up and you know I was just amazed." She testified the husband had already walked down the steps and was assisting his wife at the time of the accident.

Plaintiff contends that the trial court erred in its failure to properly instruct the

jury; that it was defendants' duty to furnish her a safe place to work; that assumption of risk and contributory negligence are questions of fact for the jury to determine; and that where the evidence shows that she complied with the directives of the defendant husband, i. e. by going outside and assisting him in helping his wife, that defendants are liable for the injuries sustained as a result of her obedience.

■ In considering plaintiff's contention that the assumption of risk and contributory negligence are questions of fact for the jury to determine, we find that defendants' answer contained a general denial and allegations of contributory negligence on the part of plaintiff. In Clemens v. St. Louis & S. F. R. Co., 35 Okl. 667, 131 P. 169 (1913), we held:

"In an action for personal injuries, where defendant denies generally, and alleges contributory negligence, the latter allegation is not an implied admission of negligence, rendering proof of negligence unnecessary, and limiting the issues to that of contributory negligence."

In Fuller v. Neundorf, Okl., 293 P.2d 317 (1956), we held that a defendant in a tort action may plead a general denial, contributory negligence and unavoidable accident.

■ Small v. Comer, 171 Okl. 418, 43 P.2d 716 (1935), is authority for the proposition that a defendant can join defenses whose legal implications or legal theories are inconsistent and if a defendant pleads conclusions or legal theories, inconsistency is unimportant; but, ordinarily, a defendant may not join defenses whose allegations of facts are inconsistent. In the case at bar, plaintiff did not challenge the defenses alleged in defendants' answer on the grounds that they were inconsistent; and had such challenge been made in the trial court, such challenge would not have availed plaintiff any relief for the reason defendants' alleged defenses are not inconsistent.

■ Although assumption of risk and contributory negligence may be questions of fact for the jury to determine, a plea of both defenses is not inconsistent with a general denial and defendants' allegations of contributory negligence and assumption of risk did not relieve plaintiff of the necessity of proving primary negligence on the part of defendants. Absent primary negligence, no liability would attach against defendants. Therefore, the primary issue is whether the evidence was sufficient to establish primary negligence against defendants.

■ The alleged accident occurred on defendants' premises and an employer-employee relationship existed. It was the duty of defendants to furnish plaintiff a reasonably safe place in which to work. Luper Transp. Co. v. Campbell, 192 Okl. 45, 133 P.2d 197 (1942). Under the circumstances presented, defendants owed plaintiff the same duties and responsibilities that they would have owed to a business invitee, unless as contended by plaintiff, in complying with the directives of the husband to assist him in helping his wife out of the car, a greater duty was imposed on defendants and a different rule would be applicable.

In Sullins v. Mills, Okl., 395 P.2d 787 (1964), we held that the owner and operator of a motel is not an insurer of the safety of a customer who uses his premises, but only owes the duty to such customer, as a business invitee, to exercise reasonable care to keep the premises in reasonably safe and suitable condition so that when his customer uses the premises, such customer would not be necessarily or unreasonably exposed to danger; and unless it is established that the customer, who is a business invitee, sustains an injury as a result of the owner's negligence, and such negligence is the proximate cause of the injury, or because of a condition of which the owner had actual or constructive notice, there can be no recovery.

Buck v. Del City Apartments, Inc., Okl., 431 P.2d 360, involved the liability of an

innkeeper to a business invitee who had slipped on some ice upon the steps of the cabin that the business invitee was occupying. The trial court sustained the innkeeper's demurrer to the evidence. In affirming the judgment of the trial court, we discussed in detail the duties and the responsibilities of the innkeeper and business invitee and said:

> "The owner or person in charge of the premises has no obligation to warn an invitee, who knew or should have known the condition of a property, against patent and obvious dangers. The invitee assumes all normal or ordinary risks incident to the use of the premises, and the owner or occupant is under no legal duty to reconstruct or alter the premises so as to remove known and obvious hazards, nor is he liable to an invitee for an injury resulting from a danger which was obvious and should have been observed in the exercise of ordinary care."

And, we also said that "In short, mere slipperiness of snow or ice in its natural state and accumulations does not give rise to liability".

█ It is clear from the evidence that plaintiff knew or should have known of the general weather conditions; and the dangers from them are universally known and were equally apparent to plaintiff as they were to defendants. Plaintiff assumed all the normal and ordinary risks incident to the use of the premises and defendants were not liable to plaintiff for an injury resulting from a danger that was obvious and should have been observed in the exercise of ordinary care.

█ We hold that the evidence in the case at bar is insufficient, as a matter of law, to establish primary negligence on the part of defendants in favor of plaintiff as a business invitee.

We will now consider the force and effect of the husband's telling the plaintiff that his wife was back from the hospital and to help him get her out of the car.

Plaintiff cites Dow v. Tarkington, Okl., 452 P.2d 135 (1969), as applicable in the case at bar. In Dow, the employer directed the employee to stand on a chair and clean some shelves. The employer knew that the linoleum floor had just been mopped and was wet and the chair slipped from under the employee as she was cleaning the shelves. We said the question was not whether the employee was contributory negligent or assumed the risk but whether the employer was primarily negligent in ordering the employee to use an ordinary kitchen chair as a step ladder on a wet linoleum floor. We also said the jury found in effect that the use of the chair on the wet linoleum floor was dangerous and that the employer's order to use it under such circumstances constituted negligence and having ordered the chair to be used on wet linoleum the employer may not escape a portion of the responsibility that goes with its use; and under the order as given the employee was "relieved in a measure of the usual obligation of exercising vigilance to detect and avoid the danger". In Dow, supra, we held:

> "The master is liable in damages for an injury suffered by the servant attributable to his obedience to the order of the master or his representative to perform work in a dangerous manner, unless the danger is so imminent that an ordinarily prudent man would not incur it, and in such case the question of the servant's negligence in the execution of the order is an issue of fact for determination by the jury and not one of law for the court."

We find nothing in Dow supporting the proposition that under all circumstances when an employer directs an employee to perform certain services, and the employee is injured while performing those services, that an issue of fact is always presented for the jury to determine whether or not the employer was negligent in directing the employee to perform the service.

█ In the case at bar, the defendant husband did not direct plaintiff to perform a service in a dangerous manner, and assisting the husband in helping his wife un-

der the facts presented was not so dangerous that an ordinarily prudent person would not incur it unless directed to do so by an employer. We find no evidence in the record that would sustain a finding that defendant husband was primarily negligent in directing the plaintiff to assist him in helping his wife.

We hold that plaintiff's evidence, as a matter of law, did not establish primary negligence on the part of defendants and the trial court was correct in sustaining defendant's motion for judgment on the pleadings and demurrer to the evidence and dismissing plaintiff's action.

Certiorari granted and the decision of the Court of Appeals, Division No. 2, is reversed.

Judgment of the trial court is affirmed.

BERRY, C. J., DAVISON, V. C. J., and BLACKBIRD, JACKSON and LAVENDER, JJ., concur.

WILLIAMS, HODGES and McINERNEY, JJ., concur in the portion of the majority opinion represented by the syllabus and dissent from the portion of the opinion affirming the judgment of the trial court.