John SAXON, Appellant,

v.

Robert MACY, District Attorney of Oklahoma County, Appellee.

No. 68569.

Supreme Court of Oklahoma.

July 10, 1990.

Gary W. Gardenhire, David Hopper, Norman, for appellant.

Charles S. Rogers, David L. Walling, Oklahoma County Dist. Attys. Office, Oklahoma City, for appellee.

SIMMS, Justice.

Appeal from the dismissal of an action for injunctive relief. Appellant, John Saxon, brought the action, which was in the nature of a writ of mandamus, requesting the trial court to compel District Attorney Robert Macy (Macy), to allow Saxon to view records of Rose State College which were in Macy's possession. Saxon claimed he was entitled to access to the records under the Oklahoma Open Records Act, 51 O.S. Supp.1985, § 24A.1 et seq., and Macy claimed the records were evidence in an ongoing investigation by his office into the financial affairs of Rose State College. Macy moved for dismissal of the action on the grounds that the petition failed to state a claim upon which relief can be granted.

The trial court found that pursuant to 51 O.S.Supp.1985, § 24A.12,[1] the litigation files and investigation reports of District Attorneys may be kept confidential and that a District Attorney may, within his

---

1. Section 24A.12 provides as follows:
   "Except as otherwise provided by state or local law, the Attorney General of the State of Oklahoma, the office of the district attorney of any county in the state, and the office of the municipal attorney of any municipality may keep its litigation files and investigatory reports confidential."

sound discretion, retain public records as evidence of a crime as long as he is actively engaged in his investigation. Since Saxon's petition did not allege an abuse of this discretion, the trial court held that the petition failed to state a claim upon which relief can be granted. Saxon appeals this ruling. Macy argues for dismissal of the appeal on the grounds that the issue is moot because he no longer has possession of the records. We agree that the issue is moot and dismiss this appeal.

■ Macy submits an affidavit signed by David L. Walling, one of Macy's Assistant District Attorneys, which asserts the affiant was in charge of the Rose State College investigation. He further states that all the records have been returned to Rose State College and Macy's office is no longer in possession thereof. Saxon has tendered no counter-affidavit; he merely argues the evidence is outside the record on appeal and the issue is not moot. Generally, this Court confines its review to the record presented. *Lawrence v. Cleveland County Home Loan Authority*, Okl., 626 P.2d 314, 315 (1981). However, we do recognize one exception which permits us to take cognizance of those facts which occur during the pendency of an appeal and which "adversely affect the court's capacity to administer effective relief." *Id.* This case presents such a situation.

■ Macy is no longer in possession of the records which Saxon requests. Saxon now has access to the records which are in the possession of Rose State College once again. Even if we held in favor of Saxon and remanded the case to the trial court with directions to turn over the records, such a pronouncement would result in no effectual relief. Our opinion would be no more than an advisory opinion concerning the application of the Oklahoma Open Records Act. See: *Westinghouse Electric*

*Corp. v. Grand River Dam Authority*, Okl., 720 P.2d 713, 720 (1986).

In *Rogers v. Excise Board of Greer County*, Okl., 701 P.2d 754, 761 (1984) we stated:

"This Court will not decide abstract or hypothetical questions disconnected from the granting of actual relief or make determinations where no practical relief may be granted."

Because Saxon cannot secure any effectual relief on review, the appeal presents only an abstract and hypothetical issue. *Lawrence*, supra, at p. 316.

Without conceding mootness, Saxon seeks application of an exception to the rule prohibiting the determination of moot issues. He asserts the case involves a matter of vital public concern which may immediately reoccur, citing *Peppers Refining Co. v. Corporation Commission*, 198 Okl. 451, 179 P.2d 899, 901 (1947) which states that a "case is not moot where interests of a public character are asserted under conditions that may be immediately repeated, ..." In *Westinghouse Electric Corp. v. Grand River Dam Authority*, supra, we declined to apply this public-interest exception because we found that not all decisions by governmental agencies, including those decisions which are allegedly violative of statutory law, impact on vital public interests. Therein, we held that when an act sought to be enjoined has been already performed, an appeal from the injunction action is moot. 720 P.2d 721. In *Rogers v. Excise Board of Greer County*, supra, we held that even a violation of the Oklahoma Open Meeting Act was not sufficient to apply the public-interest exception to the mootness doctrine. We also find that this case does not present a situation which is likely to immediately reoccur because of the amendment to the statute.[2]

2. The Oklahoma Open Records Act was amended in 1988, after the trial court made its ruling in this case, by adding 51 O.S.Supp.1988, § 24A.20. This provision states:
    "Access to records which, under the Oklahoma Open Records Act, would otherwise be available for inspection and copying, shall not be denied because a public body or public official is using or has taken possession of such records for investigatory purposes or has placed the records in a litigation file or investigation file. However, a law enforcement agency may deny access to a copy of such record in an investigation file if the record or a true and complete copy thereof is available

Accordingly, the appeal is DISMISSED as moot.

HARGRAVE, C.J., and HODGES, LAVENDER, DOOLIN, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

OPALA, V.C.J., dissents.

OPALA, Vice Chief Justice, dissenting.

I would reverse the order and remand the cause for reconsideration in light of after-enacted legislation. *American Ins. Assn. v. Indus. Com'n.*, Okl., 745 P.2d 737, 740 (1987).

for public inspection and copying at another public body."
There is no language in Section 24A.20 which expressly or impliedly gives it retroactive effect, and hence, we do not apply the amendment to this case. See: *Wickham v. Gulf Oil Corp.*, Okl., 623 P.2d 613, 615 (1981).