952 F.2d 409
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of
American National Bank, Elk City, Oklahoma,
Plaintiff-Appellee,
v.
James William IRWIN, III, an individual; Wanda Kay Irwin,
an individual, acting under the assumed business
name of Swiss Meadows, Defendants-Appellants.
 No. 91-6021.
 United States Court of Appeals, Tenth Circuit.
 Jan. 16, 1992.
 
 1
 Before LOGAN and BARRETT, Circuit Judges, and KELLY,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 PATRICK F. KELLY, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Defendants James and Wanda Kay Irwin appeal an order of the district court granting summary judgment for Plaintiff Federal Deposit Insurance Corporation (FDIC). We affirm.
 
 
 6
 In 1987, the Irwins executed a promissory note for $100,020 with the American National Bank in Elk City, Oklahoma. The bank perfected security agreements covering all cattle and equipment. After the Irwins defaulted on the note, the bank took possession of the dairy cows and one bull owned by the Irwins. The animals were moved to a farm where the bull was penned with cows. The Irwins had kept the bull penned separately. After receiving permission from the owner of the farm to visit, but apparently without specifying a time for her visit and without notifying the owner of her arrival, Mrs. Irwin went to see the cattle and climbed into the pen without noticing the bull. The bull then charged her causing severe injuries.
 
 
 7
 Subsequently, the bank filed suit in state court seeking judgment on the promissory note. The Irwins filed a counterclaim seeking damages for the injuries Mrs. Irwin had sustained, allegedly caused by negligence on the part of the bank.
 
 
 8
 Following the failure of the bank two years later, the FDIC, in its role as receiver, removed this action to federal court. Prior to removal, the state court had entered judgment for the bank on its claim, leaving the Irwins' counterclaim the only issue to be determined on removal.
 
 
 9
 The district court granted summary judgment for the FDIC on the counterclaim. The court held that, viewed in the light most favorable to the Irwins, Mrs. Irwin was an invitee on the farm property. Therefore, she was owed a duty of ordinary care to maintain the premises in a reasonably safe condition. The court found no breach of that duty because, even though it may not have been obvious that the bull was in the pen with the cows, it was penned and Mrs. Irwin had not been told the bull was segregated.
 
 
 10
 On appeal, the Irwins argue that the federal district court was bound by a prior state court ruling which had denied summary judgment for the bank. The bank's motion had been premised on the same grounds as those raised by the FDIC in federal court. The Irwins also argue that while the district court correctly found Mrs. Irwin to be an invitee, the court erred in finding no duty to warn of the hidden dangerous condition, i.e., the fact that the bull was penned with the cows.
 
 
 11
 The FDIC was not prohibited from moving for summary judgment after removal, even though the bank's motion had previously been denied in state court. Prior to entry of final judgment and absent certification for purposes of appeal, interim orders may be amended or changed. See, e.g., Riggs v. Scrivner, Inc., 927 F.2d 1146, 1148 (10th Cir.) (court possesses discretion to revise interlocutory orders prior to entry of final judgment), cert. denied, 112 S.Ct. 196 (1991); Paramount Pictures Corp. v. Thompson Theatres, Inc., 621 F.2d 1088, 1090 (10th Cir.1980) (court retains power to alter rulings until final judgment entered).
 
 
 12
 Further, motions for summary judgment may properly be renewed. Cf. Lewis v. City of Fort Collins, 903 F.2d 752, 754 (10th Cir.1990) (district court denied city's motion for summary judgment as premature and denied individual defendants' motion for summary judgment without prejudice to renewal); Gillihan v. Shillinger, 872 F.2d 935, 941 (10th Cir.1989) (motion for summary judgment may be renewed on remand).
 
 
 13
 The fact that a state court entered the order denying the bank's motion, since the earlier ruling was likewise nonfinal under state law, does not affect our holding here. See, e.g., Centric Corp. v. Morrison-Knudsen Co., 731 P.2d 411, 413 (Okla.1986) (motion for summary judgment renewed after denial of prior motion); Sellers v. Oklahoma Publishing Co., 687 P.2d 116, 118 (Okla.1984) (trial court sustained defendant's renewed motion for summary judgment).
 
 
 14
 We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). We will affirm the district court's order if all the materials on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c).
 
 
 15
 Under Oklahoma law, a plaintiff presents prima facie proof of negligence by establishing: (1) that the defendant owed a duty to protect the plaintiff from injury or other harm; (2) that the defendant breached, or failed properly to perform, the required duty; and (3) that the defendant's failure to perform the duty proximately caused injury or other harm to the plaintiff.
 
 
 16
 Goodwin v. Enserch Corp., --- F.2d ----, No. 88-2204, slip op. at 6 (10th Cir. Nov. 26, 1991); see also Woods v. Fruehauf Trailer Corp., 765 P.2d 770, 775 (Okla.1988).
 
 
 17
 Viewing the evidence in the light most favorable to the nonmoving party, we agree with the district court that Mrs. Irwin held the status of invitee on the property. Cf. Shircliff v. Kroger Co., 593 P.2d 1101, 1104 (Okla.Ct.App.1979) (one acquires invitee status after having been invited, expressly or by implication, to come upon the invitor's premises whether for business or any other purpose.). Therefore, Mrs. Irwin was owed a duty of ordinary care to maintain the premises in a reasonably safe condition for her use. Johnson v. Mid-South Sports, Inc., 806 P.2d 1107, 1108 (Okla.1991). No duty exists to warn an invitee of "patent and obvious dangers" of which he knew or should have known. McClendon v. McCall, 489 P.2d 756, 759 (Okla.1971).
 
 
 18
 The material facts here are undisputed. The dispute arises over whether the fact that the bull was penned with the dairy cows constituted a "patent and obvious" danger. The Irwins agree that the bull had no particular vicious propensities and that putting a dairy bull in the same pen with dairy cows is a reasonable practice in animal husbandry. There were no allegations that the pen was not secure. Mrs. Irwin conceded that if she had not gone into the pen, the bull could not have attacked her.
 
 
 19
 The Irwins argue, however, that while a bull is inherently dangerous, this bull was not readily visible in the pen because he was approximately the same size and appearance as the cows. Therefore, they conclude the bull constituted a hidden danger of which Mrs. Irwin should have been warned.
 
 
 20
 We cannot agree that the bull was a hidden danger. The bull admittedly was securely penned. Mrs. Irwin knew the temperament of the bull. At no time was she led to believe the bull was not penned with the cows.
 
 
 21
 Even if we were to hold that the bull was a hidden danger and, therefore, a duty to warn Mrs. Irwin had been breached, we would find no liability here. While the Irwins had been given permission to visit the cows, Mrs. Irwin had never spoken directly to the owner, thus never giving him the opportunity to warn her of the location of the bull. Further, Mrs. Irwin had not notified the owner she was on the property. Mrs. Irwin's act of climbing into the pen was not foreseeable by the owner and thus constituted an intervening independent act which was the proximate cause of her injury. See Johnson, 806 P.2d at 1109.
 
 
 22
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Patrick F. Kelly, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3