**Gary KROKOWSKI, Appellant,**

v.

**HENDERSON NATIONAL CORP. d/b/a Warwick West Apartments, Appellee.**

**No. 85919.**

Supreme Court of Oklahoma.

April 30, 1996.

J. William Archibald, Oklahoma City, for Appellant.

Larry D. Ottaway and David McPhail, Oklahoma City, for Appellee.

KAUGER, Vice Chief Justice:

The single issue presented is whether there is a conflict over the material facts surrounding the injury of the appellant, Gary Krokowski (Krokowski/tenant). We find that there is.

## FACTS

Late on the evening of March 6, 1989, Krokowski slipped and fell on an icy sidewalk while walking from the parking lot to an apartment owned by the appellee, Henderson

National Corp. d/b/a Warwick West Apartments (landlord). On March 29, 1989, the tenant filed suit against the landlord to recover for injuries to his knee. Krokowski alleged that his fall resulted from an increase in the natural hazard—accumulated ice—caused by a drain pipe that the landlord had installed on the premises.

On May 30, 1995, the landlord filed a motion for summary judgment. The landlord argued that no material facts were at issue and that Oklahoma case law, holding that injuries arising from the natural accumulation of ice or snow do not give rise to landlord liability,[1] required that judgment be entered as a matter of law. The trial court sustained the motion on June 29, 1995. Finding no dispute as to the material facts, the Court of Appeals affirmed. Certiorari was granted on April 2, 1996, to determine whether summary judgment should have been entered.

## BECAUSE THE FACTS ARE DISPUTED AS TO WHETHER THE TENANT'S FALL WAS CAUSED BY A NATURAL ACCUMULATION OF ICE OR BY AN INCREASE IN THE NATURAL HAZARD, THE LANDLORD WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.

Krokowski asserts that he fell on ice which had accumulated because of the landlord's negligent installation of a drain pipe on the walkway. The landlord argues that facts were presented to the trial court establishing that the drain pipe did not contribute to the tenant's fall and that a fall on natural accumulations of ice and snow is not compensable. We agree that injuries resulting from natural weather conditions do not increase the liability of a landlord.[2] However, there are material questions of fact at issue.

The landlord asserts that because an affidavit was presented to the trial court establishing that the pipe at issue was not a part of any drainage system, the tenant's argument that its installation contributed to his fall is not supported by the facts. The affidavit the landlord refers to is not a part of the record on appeal. Generally, this Court confines its review to the record presented.[3] However, even if the affidavit were before us, this argument would not be convincing. Deposition testimony and an affidavit attached to the tenant's response in opposition to the motion for summary judgment indicate that the hazard complained of did not necessarily arise from drainage through the pipe. Rather, the tenant asserted that the placement of the drain pipe made the water unnaturally pool and freeze causing an increase in a hazardous condition[4]—the

---

**1.** *Turner v. Rector*, 544 P.2d 507, 510 (Okla. 1975); *McClendon v. McCall*, 489 P.2d 756, 759, 54 A.L.R.3d 551 (Okla.1971); *Buck v. Del City Apartments, Inc.*, 431 P.2d 360, 365 (Okla.1967); *Sullins v. Mills*, 395 P.2d 787, 789–90 (Okla. 1964); *Weatherall v. Yorktown Homeowner's Ass'n, Inc.*, 852 P.2d 815–16 (Okla.Ct.App.1993).

**2.** *Id.*

**3.** *Saxon v. Macy*, 795 P.2d 101–02 (Okla.1990); *Lawrence v. Cleveland County Home Auth.*, 626 P.2d 314–15 (Okla.1981).

**4.** The deposition testimony provides in pertinent part:

"... Q Now, you said that there was snow and ice on the ground. Do you think that the ice or puddle or whatever you slipped in was—was not there by natural causes? I mean it is not something that snow and rain didn't fall and accumulate there?
A I would say, you know, it snowed and rained out, and there was ice and snow all over, all right? And during the day when it gets warm, it melts. And since that little drain is there, it is putting the water there.
And at night again, it freezes and gets cold and turns into ice.
So, yes, it was not just naturally just—it was—It is going to be in that spot everytime. You know, if it snows, then it melts, and then it is going to move, water goes, you know, the least path of resistance, which is downhill. And it has got a pothole there, and it is going to stay there. So — ..."
The tenant's affidavit, signed June 19, 1995, provides in pertinent part:
"... 1. That I fell on or about March 6, 1989 at the Warwick West Apartments, Phase 1.
2. That I slipped and fell at the step near a walkway leaving the parking area near the north central area of Warwick West Apartments, Phase 1.
3. That the ice on which I slipped and fell on or about March 6, 1989, was not the natural accumulation of ice from the ice/snow storm which had deposited ice and snow in the general area.
4. That I slipped and fell on ice which was there due to it being held in the area by a drain

placement of the pipe created the conditions resulting in an increased natural hazard.

In *Buck v. Del City Apartments, Inc.*, 431 P.2d 360, 365–66 (Okla.1967), we recognized the general rule that the duty to keep premises in a reasonably safe condition for the use of the invited public applies solely to defects or conditions which may be characterized as hidden defects, traps, snares or pitfalls—things which are not readily observable. Under *Buck*, if a person is injured due to natural weather conditions, of which the party is readily aware, the invitor is not liable. However, *Buck* does not stand for the proposition that an invitor will never be liable for an injury that arises from a fall on naturally occurring ice or snow. Rather, the Court recognized that if a landlord increases the natural hazard, liability may be imposed. The *Buck* Court stated:

> "... It is clear from the evidence that the wife knew or should have known of the general weather conditions. The dangers from them are universally known and were equally as apparent to her as they were to the motelkeepers. **There is no evidence here that the usual hazard from the icy condition was in any way increased by an act of the motelkeepers.** Where there is **no act on the part of the owner or occupant** of the premises creating a greater hazard than that brought about by natural causes, dangers created by the elements, such as the forming of ice and the falling of snow, are universally known, and all persons on the property are expected to assume the burden of protecting themselves from them...." (Emphasis provided.)[5]

In *Buck*, a motel patron fell on ice accumulated on a step as she was attempting to leave her cabin. **There, no evidence of any action on the part of the landlord was** presented to indicate that there were circumstances, independent of the weather, which may have caused the ice to accumulate. Here, evidence was presented to the trial court demonstrating that the condition causing the tenant's injury may have resulted from an **increased natural hazard brought about by the landlord's placement of the drain pipe.** The tenant opposed the motion for summary judgment with an affidavit stating that the landlord placed a drain pipe on the premises which caused the melted ice and snow to accumulate and form an increased natural hazard independent of the weather conditions.[6]

Even when basic facts are undisputed, motions for summary judgment should be denied, if under the evidence, reasonable persons might reach different inferences or conclusions from the undisputed facts. Summary judgment should be granted only when the pleadings, affidavits, depositions, admissions or other evidentiary materials establish that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.[7] Because reasonable people could differ on whether the appellee's fall was caused by a natural accumulation of ice or by an increase in the natural hazard caused by the placement of the drain pipe, we find that summary judgment should not have been entered.

## CONCLUSION

To support an actionable claim for negligence, a plaintiff must establish the concurrent existence of: a duty on the part of the defendant to protect the plaintiff from injury; a failure of the defendant to perform that duty; and an injury to the plaintiff resulting from the failure of the defendant.[8] We express no opinion on whether the tenant may be able to recover against the landlord

---

pipe which I understood was placed there by Warwick West Apartments...."

5. See also, *Turner v. Rector*, note 1, supra; *Sullins v. Mills*, note 1, supra, for similar language and Annot., "Liability for Injuries From Ice or Snow on Residential Premises," 54 A.L.R.3d 558, 562 (1973) noting that the distinguishing factor in snow and ice slip and fall cases is whether the slippery condition results from natural or an unnatural weather conditions.

6. See note 4, supra.

7. *Carris v. John R. Thomas & Ass.*, 896 P.2d 522, 530 (Okla.1995); *Roach v. Atlas Life Ins. Co.*, 769 P.2d 158, 163 (Okla.1989).

8. *Grover v. Superior Welding, Inc.*, 893 P.2d 500, 502 (Okla.1995); *Wofford v. Eastern State Hosp.*, 795 P.2d 516, 518 (Okla.1990); *Woods v. Fruehauf Trailer Corp.*, 765 P.2d 770, 775 (Okla. 1988).

for negligence. However, because there is a dispute in the facts as to whether the icy patch on which the tenant fell was created by natural causes or because the landlord's placement of the drain pipe may have increased the natural hazard, the trial court erred in granting summary judgment.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS OPINION VACATED; TRIAL COURT REVERSED.**

ALMA WILSON, C.J., and LAVENDER, OPALA and WATT, JJ. concur.

SIMMS, J. dissents.

SUMMERS, J. disqualified.

HARGRAVE, Justice, with whom HODGES, J. joins, dissenting:

I would affirm the trial court.