1997 OK CIV APP 90

Nora GRACE, Surviving Widow and Personal Representative of the Estate of Donald L. Grace; Nora Grace, individually; Donald L. Grace, Jr; and Jim Andrews, Plaintiff/Appellants,

and

C.M. Conner, Plaintiff,

v.

CITY OF OKLAHOMA CITY, the Oklahoma City Public Property Authority Trust, Steve Carson, individually, and John Doe, Defendant/Appellees.

No. 89953.

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 9, 1997.

John Baum, Oklahoma City, for Plaintiff/Appellants.

Reggie N. Whitten, Glynis C. Edgar, Oklahoma City, for Defendant/Appellees.

### OPINION

HANSEN, Presiding Judge:

¶1 Plaintiff/Appellants, Nora Grace, individually and as personal representative of the estate of Donald L. Grace, Donald L. Grace, Jr., and Jim Andrews, seek review of the trial court's order granting summary judgment in favor of Defendant/Appellees, Oklahoma City Public Property Authority Trust (Trust), Steve Carson, and John Doe (collectively Golf Course).[1] Decedent, Donald L. Grace, and Andrews were playing golf at Lincoln Park Golf Course when they were hit by lightning. Grace died as a result of his injuries. Andrews and Grace's widow and children sued Trust, as owner of the golf

course, and Carson, as its golf professional,[2] for negligence, claiming they "failed to warn of the approaching lightning and thunder storm; ... failed to provide proper protection under the circumstances; ... failed to use ordinary care and breached their duty to their golfing patrons." After Golf Course moved for summary judgment, Andrews and the Graces contended there were issues of material fact as to whether (1) an adequate shelter would have prevented the injury, (2) Golf Course took adequate warning measures, (3) Golf Course used proper storm detection techniques, (4) Grace voluntarily and knowingly exposed himself to the risk of lightning, and (5) Grace heard Golf Course's "attempts at warning." The trial court found each defendant was immune from liability pursuant to the Oklahoma Governmental Tort Claims Act, 51 O.S.1991 § 151 et seq. and their actions or non-actions were not the proximate cause of Andrews' injuries or Grace's death.

¶2 Summary judgment is proper only when there is no substantial controversy as to any material fact, and one of the parties is entitled to judgment as a matter of law. *Seitsinger v. Dockum Pontiac Inc.,* 1995 OK 29, 894 P.2d 1077, 1079. "A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a claim or defense." *Cinco Enterprises, Inc. v. Benso,* 1994 OK 135, 890 P.2d 866, 871. The elements of a cause of action for negligence are "(1) the existence of a duty on the part of the defendant to protect the plaintiff from injury; (2) a violation of that duty; and (3) injury proximately resulting therefrom." *MBA Commercial Const., Inc. v. Roy J. Hannaford Co., Inc.,* 1991 OK 87, 818 P.2d 469, 473. The existence of a duty is a question of law. *Delbrel v. Doenges Bros. Ford, Inc.,* 1996 OK 36, 913 P.2d 1318, 1320.

¶3 In *Buck v. Del City Apartments, Inc.,* 1967 OK 81, 431 P.2d 360, 365, the Court summarized the duty of a landowner regarding natural weather conditions:

---

1. The appeal is filed without appellate briefs in conformance with the procedures for the appellate accelerated docket, Okla.Sup.Ct.R. 1.36, 12 O.S.Supp.1996, Ch. 15, App. 1.

2. Although the petition listed "John Doe" as a defendant in its caption, it made no allegations against anyone other than Trust and Carson.

The owner or person in charge of the premises has no obligation to warn an invitee, who knew or should have known the condition of a property, against patent and obvious dangers. The invitee assumes all normal or ordinary risks incident to the use of the premises, and the owner or occupant is under no legal duty to reconstruct or alter the premises so as to remove known and obvious hazards, nor is he liable to an invitee for an injury resulting from a danger which was obvious and should have been observed in the exercise of ordinary care.

. . .

■ Where there is no act on the part of the owner or occupant of the premises creating a greater hazard than that brought about by natural causes, dangers created by the elements, such as the forming of ice and the falling of snow, are universally known, and all persons on the property are expected to assume the burden of protecting themselves from them. See also *Krokowski v. Henderson Nat. Corp.*, 1996 OK 57, 917 P.2d 8, and *Holt v. State ex rel. Oklahoma Dept. of Transp.*, 1996 OK CIV APP 101, 927 P.2d 57. Lightning is a universally known danger created by the elements. Golf Course has no duty to warn its invitees of the patent danger of lightning or to reconstruct or alter its premises to protect against lightning. Andrews and the Graces did not allege and offered no proof Golf Course created a greater hazard than that brought about by natural causes. Therefore, Golf Course is entitled to judgment as a matter of law.

■ ¶ 4 Because our holding disposes of the matter before us, we need not reach the issue of the constitutionality of the Governmental Tort Claims Act, 51 O.S.1991 § 151 et seq., in a wrongful death case in light of Okla. Const. Art. 23 § 7. "Constitutional questions are not decided in advance of strict necessity." *Jackson v. Oklahoma Memorial Hosp.*, 1995 OK 112, 909 P.2d 765, 771.

¶ 5 The judgment of the trial court is AFFIRMED.

JOPLIN and BUETTNER, JJ., concur.