546 P.2d 838

**The STATE of Arizona, Appellee,**

v.

**Thomas S. CARRILLO, Appellant.**

**No. 2 CA–CR 729.**

Court of Appeals of Arizona,
Division 2.

March 12, 1976.

Rehearing Denied April 14, 1976.

Review Denied April 27, 1976.

Bruce E. Babbitt, Atty. Gen. by Heather A. Sigworth, Asst. Atty. Gen., Tucson, for appellee.

John D. Kaufmann, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

This appeal challenges the trial court's denial of appellant's motion to suppress. Baker, the owner and manager of the Iron Horse Hotel in Tucson asked officers Saenz and Katalinic to investigate the heavy use of the fire escape from room 51, which was assigned to Mr. Lopez. As appellant entered the lobby, the hotel clerk identified him as Lopez. When Officer Saenz asked appellant his name, appellant stated, "Thomas Carrillo." The officers placed him under arrest for false hotel registration. . After appellant's arrest, Baker told him that he was going to evict him for being two days behind in his "rent" and that he would store appellant's property. Appellant was taken away by a third officer. Baker asked Saenz and Katalinic to witness his inventory search of appellant's room. During the inventory Baker found heroin.

We do not reach the issue of whether this was a private search or a police search because appellant was lawfully evicted. After his eviction, Baker had authority to consent to a search. In reaching this conclusion, we distinguish between a tenant and a hotel guest. A guest has only the right to use the premises, whereas a tenant has exclusive possession and control. *Stowe v. Fritzie Hotels,* 44 Cal.2d 416, 282 P.2d 890 (1955); *Buck v. Del City Apartments, Inc.,* 431 P.2d 360 (Okl. 1967); *Johnson v. Kolibas,* 75 N.J.Super. 56, 182 A.2d 157 (1962).

The court in *Buck,* supra, stated:

"A tenant is deemed to have exclusive legal possession of the demised premises and stands responsible for their care and condition. A guest, on the other hand, has merely a right to the use of the premises while the innkeeper retains his control over them, is responsible for the necessary care and attention and retains the right of access for such purpose. Modern law tends to regard as a guest anyone who is a patron of the inn as such, and receives the same treatment as that accorded to short-term guests." 431 P.2d at 363.

A guest is a transient who normally stays from day to day without any express contract. A tenant, on the other hand, usually contracts for a specified period of time. The length of stay, however, is only one factor. A person is a guest if he remains a transient. The Forcible Entry and Detainer statute has no application here. It applies only to landlord-tenant relationships. *Phoenix-Sunflower Industries, Inc. v. Hughes,* 105 Ariz. 334, 464 P.2d 617 (1970). Appellant's contention that due process requires notice and a judicial hearing prior to his loss of the use of the hotel room is without merit. Appellant was a licensee. He had a right to use the room but had no property right such as that possessed by a tenant. Therefore, cases such as *Sniadach v. Family Finance Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969) and *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) do not apply.

The case of *Stoner v. California,* 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964) cited by appellant is not on point. *Stoner* held that although a hotel proprietor has the right to enter a guest's room for the purpose of cleaning or maintenance, the proprietor does not have possession of the room for the purpose of giving consent to a search. However, the guest in *Stoner* had the right to the use of the room at the time the alleged consent was given. Here, appellant no longer had the use of the room. Exclusive use, possession and control was in the hotel proprietor who could, therefore, give consent to search.

Affirmed.

HOWARD, C. J., and KRUCKER, J., concur.