Charles Thomas WISE, Appellant,

v.

ROGER GIVENS, INC., d/b/a Airlines Motel, a corporation, Appellee.

No. 52659.

Court of Appeals of Oklahoma, Division No. 1.

Sept. 2, 1980.

Released for Publication by Order of Court of Appeals Oct. 6, 1980.

Turner, Turner & Green by Frederick S. Lutz, Oklahoma City, for appellant.

Rhodes, Hieronymus, Holloway & Wilson by Page Dobson and James A. Jennings, III, Oklahoma City, for appellee.

REYNOLDS, Presiding Judge:

Charles Thomas Wise (Appellant) brought this action against Roger Givens, Inc., d/b/a Airline Motel, Inc. (Appellee) for damages he allegedly sustained from a fall while an invitee on the Motel premises. The trial court sustained Appellee's motion for summary judgment holding that the allegedly dangerous condition was open and obvious and was not in the nature of a hidden danger, trap, snare or pitfall.

Appellant has perfected this appeal on two issues: first, that the dangerous condition was not open and obvious, and second, that the common law principles insulating landlords from tort liability for damages suffered by invitees from open and obvious dangers should be abrogated in favor of the application of ordinary principles of negligence liability.

The evidence shows that on August 19 and 20, 1977, Appellant was a guest at the motel. On August 20, Appellant was walking back to the motel at approximately 6:30 P.M. from a visit to a local tavern and a cafe across the street. Appellant was accompanied by two companions. It was necessary for the three persons to walk across a parking lot to reach the sidewalk surrounding the motel rooms. As Appellant approached the sidewalk, he was looking

over his right shoulder and was engaged in a conversation with one of his companions. Without looking ahead of himself, Appellant stepped up over the curb. Instead of landing on the sidewalk, his foot went partially into the top of a one gallon paint can which had been placed in a hole in the sidewalk. This paint can extended approximately one half of its height, or 3–6 inches, above the level of the sidewalk. Appellant fell sideways and suffered a leg injury.

Appellant testified that during his stay he had been in this area before but that he did not remember seeing the paint can, and if he did see it he did not pay any attention to it. Appellant testified that he was not paying attention to where his next step was going to put him, that the paint can was in plain sight, and that if he had been looking down he would have seen the can.

■■■ A guest staying in a motel is treated as an invitee. A landowner owes a duty to his invitees only to keep the premises reasonably safe. *Williams v. Safeway Stores, Inc.*, Okl., 515 P.2d 223 (1973). The invitee assumes all normal and ordinary risks incident to the use of the premises. The duty to keep the premises in a reasonably safe condition is applicable only to defects or conditions which are in the nature. of hidden dangers, traps, snares or pitfalls and the like—things not readily observable by the invitee in the exercise of ordinary care. *Buck v. Del City Apartments*, Okl., 431 P.2d 360 (1967); *Jackson v. Land*, Okl., 391 P.2d 904 (1967).

This Court is hesitant to use summary judgment in negligence cases. However, under the facts and circumstances as herein presented, it is our conclusion that the trial court properly sustained Appellee's motion for summary judgment.

Appellant seeks to change the duty owed an invitee by a landowner with respect to open and obvious dangers and apply ordinary concepts of negligence liability thereto. In *Sutherland v. Saint Francis Hospital, Inc.*, 595 P.2d 780 (1979) the Supreme Court declined to depart from the common law principles.

AFFIRMED.

BOX and ROMANG, JJ., concur.