930 F.2d 35
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Virginia SCHUMAKER, and her husband, Howard Schumaker,
Plaintiffs-Appellants
v.
G.M. HOSPITALITY MANAGEMENT, INC., an Oklahoma corporation,
G.M. Hospitality Management, Inc., doing business as Holiday
Inn of Elk City, an Oklahoma corporation, G.M. Hospitality,
Inc., an Oklahoma corporation, G.M. Hospitality, Inc., doing
business as Holiday Inn of Elk City, an Oklahoma City
corporation, Southern Hospitality, Inc., an Oklahoma
corporation, Southern Hospitality, Inc., doing business as
Holiday Inn of Elk City, G.M. & I. Joint Ventures, an
Oklahoma corporation, G.M. & I. Joint Ventures, doing
business as Holiday Inn of Elk City, Defendants-Appellees.
 No. 90-6017.
 United States Court of Appeals, Tenth Circuit.
 April 4, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 BALDOCK, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs Virginia Schumaker and Howard Schumaker brought this action to recover damages for personal injuries sustained when Ms. Schumaker fell on defendants' premises. Ms. Schumaker asserted a negligence claim and Mr. Schumaker asserted a derivative loss of consortium claim. The case proceeded to trial and a jury returned a verdict in favor of Ms. Schumaker but against Mr. Schumaker. This appeal presents two issues: (1) whether the district court erred in granting defendants' motion for judgment n.o.v. on Ms. Schumaker's negligence claim and (2) whether the district court erred in denying Mr. Schumaker's motion for judgment n.o.v. on his loss of consortium claim.
 
 
 3
 Our review of rulings on motions for judgment n.o.v. is de novo. Guilfoyle ex rel. Wild v. Missouri, Kan. & Tex. R.R., 812 F.2d 1290, 1292 (10th Cir.1987). Judgment n.o.v. is appropriate when the evidence, taken in the light most favorable to the nonmoving party, points but one way, in favor of the moving party. Lucas v. Dover Corp., Norris Div., 857 F.2d 1397, 1400 (10th Cir.1988). In determining whether the grant or denial of a motion for judgment n.o.v. is appropriate, we do not weigh the evidence or pass upon the credibility of witnesses. Id.
 
 
 4
 With these principles in mind, we have reviewed the record on appeal and the parties' appellate briefs, and we concur in the district court's determinations. Undisputed evidence established that the dangerous condition which caused Ms. Schumaker to fall should have been observed by her in the exercise of ordinary care. Therefore, the dangerous condition was, as a matter of law, open and obvious and could not provide a basis for liability. See, e.g., Wise v. Roger Givens, Inc., 618 P.2d 951, 952 (Okla.App.1980). Moreover, because Ms. Schumaker is precluded from recovering on her negligence claim, Mr. Schumaker cannot recover on his derivative loss of consortium claim.
 
 
 5
 Accordingly, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3