940 F.2d 671
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Betty Lou KEETER, Plaintiff-Appellant,
v.
WAL-MART STORES, INC., Defendant-Appellee.
 No. 90-7056.
 United States Court of Appeals, Tenth Circuit.
 July 30, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Betty Lou Keeter brought this action to recover damages for personal injuries sustained when she fell on a liquid substance in the checkout aisle of a department store operated by defendant Wal-Mart Stores, Inc. Keeter asserted a negligence claim against defendant. The case proceeded to trial, and a jury returned a verdict in favor of plaintiff. Defendant then filed a motion for judgment n.o.v. which was granted, and this appeal followed.
 
 
 3
 Our review of rulings on motions for judgment n.o.v. is de novo. Guilfoyle ex rel. Wild v. Missouri, Kan. & Tex. R.R., 812 F.2d 1290, 1292 (10th Cir.1987). Judgment n.o.v. is appropriate when the evidence, taken in the light most favorable to the nonmoving party, points but one way, in favor of the moving party. Lucas v. Dover Corp., Norris Div., 857 F.2d 1397, 1400 (10th Cir.1988). In determining whether the grant or denial of a judgment n.o.v. was appropriate, we do not weigh the evidence or pass upon the credibility of witnesses.
 
 
 4
 With these principles in mind, we have reviewed the record on appeal and the parties' appellate briefs, and we concur in the district court's determination. Plaintiff's testimony that she could have seen the liquid which caused her to fall if she had looked down as she entered the checkout aisle establishes that the liquid was readily observable in the exercise of ordinary care.[1] Therefore, the liquid was, as a matter of law, open and obvious, and could not provide a basis for liability. See, e.g., Wise v. Roger Givens, Inc., 618 P.2d 951, 952 (Okla.Ct.App.1980).
 
 
 5
 Contrary to plaintiff's assertion, this case is distinguishable from J.J. Newberry Co. v. Lancaster, 391 P.2d 224 (Okla.1964). Unlike Lancaster, the evidence here does not indicate that the liquid was at a point in defendant's store where plaintiff, out of necessity, was walking and "looking upward without opportunity to observe the aisle ahead." Id. at 229. Thus, Lancaster does not require reversal of the district court.
 
 
 6
 Accordingly, the judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Although the checkout aisle where plaintiff fell was narrow, plaintiff testified that there was no one in the aisle when she approached, that she was not pushing a shopping cart in front of her, and that she simply did not look at her path of travel down the aisle, which was five or six feet long. Plaintiff presented no evidence that her attention was drawn elsewhere or that the liquid was even partially hidden