Dear Representative Davis,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. Pursuant to Senate Bill 1553, 2002 Okla. Sess. Laws ch. 96,§ 1(A)(5)(a) (amending 21 O.S. 2001, § 1247(A)), "Allbuildings, or portions thereof, owned or operated by this stateshall be designated as nonsmoking[.]" If a building is owned by aprivate entity that leases space in the building to both privatefirms and State agencies, with the State having only tenantrights, is the building, or leased portion thereof, "operated bythis State"?
 2. Pursuant to the definitions in the Smoking in Public PlacesAct, 63 O.S. 2001, § 1-1522[63-1-1522](B) ("Act"), "public place" doesnot include "a private, enclosed room or office occupiedexclusively by a smoker or smokers, even if the room or enclosedoffice may be visited by a nonsmoker." Although Senate Bill 1553,2002 Okla. Sess. Laws ch. 96, §§ 2 and 3, amended Sections 1-1523and 1-1524 of the Act, the Legislature did not change thedefinitions in Section 1-1522. Does Section 1-1522(B) allowsmoking in all private, enclosed rooms or offices in buildingsthat are owned by an individual or private company, includingsuch rooms or offices that may be leased by the State?
 I. Meaning Of "Operated By This State"
"The possession of lighted tobacco . . . is a public nuisance and dangerous to public health when such possession is in any of the [public] places" specified in the statute. 21 O.S. 2001, §1247[21-1247](A). This section was recently amended by Senate Bill 1553 to add subsection (5) as follows:
 a. All buildings, or portions thereof, owned or operated by this state shall be designated as non-smoking; however, each building may have one designated smoking room.
. . . .
 c. A smoking room as provided for in subparagraphs a and b of this paragraph:
 (1) shall not be used for the conduct of public business,
 (2) shall be in a location which is fully enclosed, directly exhausted to the outside, under negative air pressure . . .
. . . .
 d. No smoking shall be allowed within twenty-five (25) feet of the entrance or exit of any building specified in this subsection.
¶ 1 2002 Okla. Sess. Laws ch. 96, § 1(A)(5) (amending 21 O.S.2001, § 1247(A)) (emphasis added).
¶ 2 The statute applies to buildings, or portions thereof, either owned or operated by the State. You first ask whether a State agency that leases office space in a privately-owned building, occupied by both State agencies and private firms, "operates" the portion of the building that it occupies under the lease if it only has tenant rights. The goal of statutory construction is to follow the intent of the legislature, which is ascertained by examining the language of the pertinent statute.Hess v. Excise Bd., 698 P.2d 930, 932 (Okla. 1985). "Operated by" is not defined in the Act. "Statutory words are to be understood in their ordinary sense, except when a contrary intention plainly appears." Id.; 25 O.S. 2001, § 1[25-1].
¶ 3 The dictionary definition of "operate" is "to manage and put or keep in operation whether with personal effort or notoperated a grocery store." Webster's Third New International Dictionary 1581 (3d ed. 1993). The Oklahoma Supreme Court has defined "operation" of a penal institution as "the process or manner of conducting (operation) the functions of a penal institution." Medina v. State, 871 P.2d 1379, 1382 (Okla. 1993). The court observed, "[t]he plain and ordinary meanings of the [statutory] terms . . . must be followed unless contrary to the purpose and intent of the statute." Id.
¶ 4 The phrase "owned or operated by" is also used in the Smoking in Public Places Act, 63 O.S. 2001, §§ 1-1521-1-1527[63-1-1521-1-1527],
in the definition of a "public place."
6. "Public place" means:
 a. an enclosed, indoor area owned or operated by a state or local governmental agency and used by the general public or serving as a place of work for public employees or a meeting place for a public body, including an office, educational facility, health facility, auditorium, arena, meeting room or public conveyance[.]
Id. § 1-1522(A) (emphasis added). Both the Act and 21 O.S.2001, § 1247[21-1247] regulate smoking in public places. To ascertain legislative intent all various provisions of legislative enactments upon the same subject should be construed together and given effect as a whole. State ex rel. Marland v. PhillipsPetroleum Co., 118 P.2d 621, 625 (Okla. 1941). Therefore, the meaning of "owned or operated by this state" should be given the same meaning in both statutes.
¶ 5 To determine the meaning of the word "operate" in regard to leased space, it is necessary to examine the nature of a tenant's rights in leased premises. "A tenant is deemed to have exclusive legal possession of the demised premises and stands responsible for their care and condition." Buck v. Del City Apartments,Inc., 431 P2d 360, 363 (Okla. 1967). When the State leases office space for a State agency, the State operates the leased space for purposes of conducting government business, even though the owner or building manager may operate the building in the sense of providing security, maintenance and repairs. The statute applies to buildings "or portions thereof" owned or operated by the State. The inclusion of "portions thereof" reflects legislative recognition that the State may operate only a portion of a building, as where the State leases office space within a building owned by a private entity that leases to both State agencies and private companies. This language reflects legislative intent that the non-smoking designation applies to the portion of the building operated by the State.
¶ 6 Pursuant to statute, "The Department of Central Services shall have charge of the construction, repair, maintenance, insurance, and operation of all buildings owned, used, oroccupied by or on behalf of the state[.]" 74 O.S. 2001, §63[74-63](B) (emphasis added). The use of the word "operation" in this statute with regard to buildings occupied by or on behalf of the State indicates that the Legislature has used the word "operate" with regard to state-owned or occupied buildings in the sense of control of the space for government operations. The use of the word "operate" in the Senate Bill 1553 amendments to 21 O.S.2001, § 1247[21-1247] and in 63 O.S. 2001, § 1-1522[63-1-1522](A)(6) should be given a similar meaning; that is, occupation and control of the leased space. Therefore, if a building is owned by a private entity that leases space to both private firms and State agencies, the portion of the building leased and occupied by a State agency is "operated by this state" and thus must be designated as a non-smoking area pursuant to 2002 Okla. Sess. Laws ch. 96, § 1(A)(5)(a) (amending 21 O.S. 2001, § 1247(A)).
 II. Smoking In Private, Enclosed Rooms Or Offices In Privately-Owned Buildings
¶ 7 You also ask whether 63 O.S. 2001, § 1-1522[63-1-1522](B) allows smoking in all private, enclosed rooms or offices occupied by smokers in a privately-owned building in which the State leases space. This question requires construction of the Act, 63 O.S.2001, §§ 1-1521-1-1527[63-1-1521-1-1527] in conjunction with Senate Bill 1553 amendments to both the Act and to 21 O.S. 2001, § 1247[21-1247](A).
¶ 8 The Act prohibits smoking in designated non-smoking areas in public places. 2002 Okla. Sess. Laws ch. 96, § 2(A) (amending63 O.S. 2001, § 1-1523(A)). Senate Bill 1553 did not change the definition of "public place" in the Act. "Public place" is defined as "an enclosed, indoor area owned or operated by a state or local governmental agency and used by the general public or serving as a place of work for public employees or a meeting place for a public body, including an office, educational facility, health facility, auditorium, arena, meeting room or public conveyance[.]" Id. § 1-1522(A)(6)(a). The definition of a "public place" also includes facilities not owned or operated by a governmental agency, such as health and educational facilities, theaters, museums, and restaurants seating 50 or more persons.
¶ 9 As pointed out in your question, the definition of "public place" expressly excludes, "a private, enclosed room or office occupied exclusively by a smoker or smokers, even if the room or enclosed office may be visited by a nonsmoker." Id. § 1-1522(B). Your question is whether, pursuant to this section, smokers may smoke in their private offices in buildings owned by private individuals or companies even if a portion of the building is leased to the State.
"In order to ascertain the intention of the legislature, `all the various portions of the legislative enactments on the particular subject, including subsequent enactments, should be construed together and given effect as a whole.'" Ashby v.Harris, 918 P.2d 744, 748 (Okla. 1996) (quoting Indep. Sch.Dist. No. 89 v. Okla. City Fed'n of Teachers Local 2309,612 P.2d 719, 721 (Okla. 1980)). Both the public nuisance statute on smoking (21 O.S. 2001, § 1247[21-1247]) and the Act regulate smoking in public places, and both were amended in Senate Bill 1553. Therefore, it is necessary to construe the Act in conjunction with Section 1247 and the Senate Bill 1553 amendments.
¶ 10 Senate Bill 1553 amended 21 O.S. 2001, § 1247 by prohibiting smoking in buildings owned or operated by the State, with the proviso that each building may have one designated smoking room, which may not be used for the conduct of public business and which must be directly exhausted to the outside, under negative air pressure. Senate Bill 1553 also amended 63O.S. 2001, § 1-1523[63-1-1523] relating to smoking in municipal or county jails, and 63 O.S. 2001, § 1-1524[63-1-1524] as follows:
 A. Smoking and nonsmoking areas shall may be designated by the state or local governmental agency or the person who owns or operates a public place, except in a public place in which smoking is prohibited by law. . . .
 B. In the case of a public place consisting of a single room, the state or local governmental agency or the person who owns or operates the single room shall be in compliance with this act if an area of the room is reserved and posted as a nonsmoking area.
¶ 11 2002 Okla. Sess. Laws ch. 96, § 3 (amending 63 O.S.2001, § 1-1524).
¶ 12 The above changes were necessary to conform the Act to Senate Bill 1553's requirement that all buildings, or portions thereof, owned or operated by the State shall be designated as non-smoking. This is reflected in the title of Senate Bill 1553, which states, "amending 63 O.S. 2001, Section 1-1524, which relates to designation of smoking and nonsmoking areas; conforming language concerning smoking in certain government-owned or government-operated buildings[.]" "[L]egislative intent and purpose may be ascertained from the title of an enactment." Davis v. GHS Health Maint. Org.,22 P.3d 1204, 1209 (Okla. 2001).
¶ 13 Under the prior version of the Act, smoking and nonsmoking areas were required to be designated in a public place (63 O.S.2001, § 1-1524[63-1-1524]), which included areas "owned or operated by a state or local governmental agency," as well as certain specified facilities "not owned or operated by a state or local governmental agency which is used by the general public." Id. § 1-1522(A)(6)(a), (b). Under Senate Bill 1553, buildings, or portions thereof, owned or operated by the State must be designated as non-smoking. It was therefore necessary to amend Section 1-1524 to eliminate the mandate that smoking and nonsmoking areas shall be designated by state governmental agencies in public places. However, it was not necessary to change the definition of public place in the Act or to eliminate the exclusion in Section 1-1522(B). Since the definition of public place includes places that are not government-owned or operated, there are public places, as defined in the Act, where the private office exclusion still applies.
¶ 14 Pursuant to the Senate Bill 1553 amendments to Section 1247(A) of Title 21, all State-owned or operated buildings, or portions thereof, must be designated as non-smoking, except each building may have one designated smoking room. As previously determined in this Opinion, space leased by the State for the conduct of State business is "operated" by the State. If a private office is in a privately-owned building that is entirely leased by the State, the building must be designated as non-smoking pursuant to Senate Bill 1553 and smoking in private offices would be prohibited. If a privately-owned building is occupied by both State agencies and other tenants, a private office within space leased by a non-governmental entity would not be subject to Senate Bill 1553 — smoking in a private office within a private tenant's space would not be prohibited by law. However, those portions of the building leased by the State, including private offices, must be designated as non-smoking pursuant to the Senate Bill 1553. Smoking is prohibited in private offices within portions of a building leased by the State from a private entity.
It is, therefore, the official Opinion of the Attorney Generalthat
 1. If a building is owned by a private entity that leases space to both private firms and State agencies, the portion of the building leased and occupied by a State agency is "operated by this State" and thus is subject to designation as a nonsmoking area pursuant to 2002 Okla. Sess. Laws ch. 96, § 1(A)(5)(a) (amending 21 O.S. 2001, § 1247(A)).
 2. The provisions of 63 O.S. 2001, § 1-1522(B), which exclude private offices occupied by smokers from the definition of a "public place" in the Smoking in Public Places Act, do not allow smoking in private, enclosed rooms or offices leased by the State in buildings that are owned by an individual or private company. Section 1-1522(B) must be read in conjunction with 2002 Okla. Sess. Laws ch. 96, § 1(A)(5)(a) (amending 21 O.S. 2001, § 1247(A)), which specifies that "[a]ll buildings, or portions thereof, owned or operated by this state shall be designated as nonsmoking[.]" If a private, enclosed room or office is located in a privately-owned building within the portion of the building leased by the State, such leased portion of the building is "operated" by the State and must be designated as non-smoking pursuant to 2002 Okla. Sess. Laws ch. 96, § 1(A)(5)(a) (amending 21 O.S. 2001, § 1247(A)).
W.A. DREW EDMONDSON Attorney General of Oklahoma
KATHRYN BASS Assistant Attorney General