2005 OK 22

**Catherine DOVER, Appellant,**

**v.**

**W.H. BRAUM, INC., an Oklahoma corporation, Appellee.**

**No. 100,971.**

Supreme Court of Oklahoma.

April 5, 2005.

Jeff C. Grotta, Chris Harper, Phillip P. Owens, II, Chris Harper, Inc., Edmond, OK, for Appellant.

David B. Donchin, Hilary S. Allen, Durbin, Larimore & Bialick, Oklahoma City, OK, for Appellee.

HARGRAVE, J.

¶1 On December 4, 2002 plaintiff Dover slipped and fell on the premises of defendant W.H. Braum, Inc. (Braum's). Plaintiff sued Braum's, alleging that she was an invitee and that she injured her leg and foot when she slipped on an accumulation of ice as she was leaving the store. Plaintiff pled that her injuries were the result of defendant's allowing ice to accumulate on the walkway and steps. She alleged that it was the practice of defendant to remove ice from walkway and steps and that defendant either failed to remove the ice, or negligently removed the ice on the day in question, creating a hazardous condition that was not open and obvious. Defendant Braum's moved for summary judgment on the grounds that the undisputed facts showed that it owed no duty to warn plaintiff because the slick steps were an open and obvious condition, and Braum's had done nothing to create or enhance the naturally hazardous condition.

¶2 Plaintiff's deposition stated that on the day of the accident, she left work to run an errand on the far west-side of town where she observed that there was snow and ice on the grass and that a light mist was falling. She observed no snow, ice or mist when she left the west-side of town. After returning to work, she walked across the street to the Braum's store at N.W. 17th and Classen Boulevard in Oklahoma City. Plaintiff stated that when she entered the Braum's store, the weather was dry and cold and there was no ice on the sidewalk or steps. She was in the store for approximately twenty minutes; between the time she entered the store and exited, the weather had changed from dry to misting. After exiting the store, she says that she slipped and fell on "black ice" that had accumulated during the twenty minutes she was in the store.

¶ 3 When plaintiff entered the Braum's store, she observed that someone had placed "de-icer" in front of the doorway because she felt it crunch underfoot. Although there was no snow or ice on the ground and it was not misting at the time she entered the store, plaintiff was aware that an ice storm was predicted that day and she assumed that Braum's had placed the "de-icer" in front of the door because of the predicted ice storm. Plaintiff testified that she had been to that Braum's store many times and that she had used the steps and front sidewalk in prior bad weather. She was aware from these visits that Braum's placed "de-icer" in front of the doorway and on some portions of its sidewalk, but not on the steps. Plaintiff was aware of the need to be cautious during bad weather. She asserts that black ice had accumulated on the steps during the twenty minutes that she was in the store and that it was a hidden and ultra-hazardous danger to her.

■ ¶ 4 The trial judge granted Braum's motion for summary judgment and the Court of Civil Appeals reversed. We granted Braum's petition for certiorari. On appeal, the facts alleged by plaintiff to be in dispute are:

1) reasonable minds could infer or conclude that Braums anticipated an ice storm, took steps to protect its invitees from injury by placing de-icer in front of its door and on portions of its sidewalks, but failed to take reasonable precautions against injury on its steps.

2) reasonable minds could infer or conclude that plaintiff was confronted with black, or invisible, ice on the steps with no indication that ice had accumulated from the mist that began falling in the approximately twenty minutes from the time she entered the store to when she exited.

Essentially, plaintiff argues that the black ice was not open and obvious and that under *Brown v. Alliance Real Estate Group*, 1999 OK 7, 976 P.2d 1043, summary judgment was improperly granted.

■ ¶ 5 A business invitor has a duty to exercise reasonable care to prevent injury to an invitee, but the invitor owes no duty to protect against hazards that are open and obvious. *Williams v. Tulsa Motels*, 1998 OK 42, 958 P.2d 1282, 1284. Likewise, the invitor is not a guarantor of the safety of its invitees. If the hazard causing the fall was known or should have been observed by the invitee, the invitor has no duty to alter its premises or to warn. *See, Buck v. Del City Apartments, Inc.*, 1967 OK 81, 431 P.2d 360, 365.

■ ¶ 6 In *Beatty v. Dixon*, 408 P.2d 339, 342 (Okla.1965) we stated the settled rule in Oklahoma that the owner of the premises owes the duty to an invitee thereon to exercise ordinary care not to injure him. This includes the duty to warn the invitee of any danger thereon *of which the owner knows, or ought to know, and which is unknown to the invitee.* There is no duty to warn the invitee of any defect or danger which is as well-known to the invitee as to the owner or occupant or which is obvious or which should be observed by the invitee in the exercise of ordinary care. *Id.* at p. 343,citing 65 C.J.S., Negligence, § 50. Where the plaintiff had been many times in and on the defendants' premises and had used their storm cellar before, and, thus, should have been aware of the conditions during a rain storm, there was no duty to reconstruct or alter the premises, nor an obligation to warn plaintiff of the wet kitchen floor which was as well-known to her as to the defendants, and there was no actionable negligence in absence of a duty neglected or violated. *Id.*

¶ 7 In *Buck v. Del City Apartments, supra*, a motel employee removed ice and snow that had accumulated in front of its rental cabins. Later in the day, the plaintiff came out of one of the cabins and slipped and fell on ice accumulated there. We noted that the mere slipperiness of snow or ice in its natural state and accumulation does not give rise to liability. 431 P.2d at p. 366. We held that a motel owner had no legal duty to warn an invitee who knew or should have known the condition of the property against patent and obvious dangers. Because the plaintiff's evidence did not show any duty violated or neglected, we held that there was no error in sustaining the demurrer to their evidence. *Id.* There was no evidence in that case that

the usual hazard from the icy condition was in any way increased by an act of the defendant. See, for example, *Krokowski v. Henderson National Corp.*, 1996 OK 57, 917 P.2d 8 (where landlord had placed a drainpipe on the premises that caused water to pool and freeze, this raised a question of fact whether plaintiff's fall was caused by a natural accumulation of ice and snow or whether landlord's actions had increased the natural hazard independent of the weather conditions).

¶ 8 Where there is no act on the part of the owner or occupant of the premises creating a *greater hazard* than that brought about by natural causes, dangers created by the elements, such as the forming of ice and the falling of snow, are universally known, and all persons on the property are expected to assume the burden of protecting themselves from them. *Buck v. Del City Apartments, Inc.*, 1967 OK 81, 431 P.2d 360, 366.

¶ 9 The duty to keep premises reasonably safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls and the like, in that they are not known to the invitee and would not be observed by him in the exercise of ordinary care. There is no obligation to warn an invitee who knew the condition of a property against patent and obvious dangers and there is no actionable negligence in the absence of a duty neglected or violated. *Turner v. Rector*, 544 P.2d 507, 509 (Okla.1975). Mere slipperiness of ice and snow in its natural state and accumulations does not give rise to liability. *Id.* at p. 510, citing *Buck v. Del City Apartments, Inc.*, 431 P.2d 360 (Okla.1967). In the case at bar, the danger, equally obvious to both plaintiff and defendant, was that an ice storm had been predicted and plaintiff observed that it was misting when she left the store. Where there is no dispute as to facts and only one conclusion can be drawn from evidence, the court can decide the question as a matter of law. *Beatty v. Dixon*, 408 P.2d 339, 342 (Okla.1965).

¶ 10 The evidentiary material establishes that plaintiff was aware of the weather forecast and was aware that it was misting when she left the store. Plaintiff had shopped at this Braum's store before, and was aware that during bad weather or the threat of bad weather, Braum's only placed "de-icer" in front of the doorway and along a portion of the sidewalk. It is undisputed that the weather was cold and dry when plaintiff entered the store, and that there was no accumulation of snow or ice on the ground at that time. Plaintiff noticed that Braum's had placed de-icer in front of the doorway and she assumed that the "de-icer" had been placed there because an ice storm had been predicted. Plaintiff had as much knowledge of the condition of the pavement as did Braum's.

¶ 11 Plaintiff argues that this case is analogous to *Brown v. Alliance Real Estate Group*, 1999 OK 7, 976 P.2d 1043. The *Brown* case is distinguishable because the invitor/realty company specifically knew of a black ice hazard in front of its door that already had caused someone to fall that day. In *Brown*, a business invitee to defendant real estate office slipped and fell on "black ice" outside the business's front door. The plaintiff alleged that the owners were negligent in failing to clear the path and failed to protect the plaintiff from the slick condition of the path. The defendants argued on summary judgment that the ice was the result of a natural accumulation and that they had done nothing to enhance the accumulation of the ice. The plaintiff responded with evidentiary materials establishing both that the ice was invisible and that the defendants *had knowledge of the hazardous condition* because a person had fallen in that spot earlier in the day and had informed real estate company of the ice. In determining that summary judgment should not have been granted on the record presented, we said: "... one might easily infer that the property owner had sufficient notice of the hazardous condition to *create a duty to warn* invitees of the unseen danger." (emphasis added). 1999 OK 7 ¶ 7, 976 P.2d at 1045. Thus, it was the specific knowledge of the black ice on the part of the invitor in that case that might have created a duty to warn. *Cf. Beatty v.*

*Dixon, supra,* which held that the basis of the invitor's liability for injuries sustained by an invitee on the premises is the owner's superior knowledge of the danger.

¶ 12 There was no suggestion in the case at bar that Braum's knew that any ice had accumulated on the steps or elsewhere.[1] Braum's did not create the hazard or enhance a natural hazard to make it more dangerous. We find there was no duty on the part of Braum's to warn the plaintiff or to alter its premises to protect the plaintiff. Plaintiff knew that an ice storm was predicted, she knew that it had started misting while she was in the store and that Braum's had not placed de-icer on the outside steps.

CERTIORARI GRANTED PREVIOUSLY; OPINION OF THE COURT OF CIVIL APPEALS IS VACATED; THE JUDGMENT OF THE TRIAL COURT IS AFFIRMED.

¶ 13 CONCUR: WINCHESTER, V.C.J., LAVENDER, OPALA, KAUGER, EDMONDSON, JJ.

¶ 14 DISSENT: WATT, C.J., TAYLOR, COLBERT, JJ.

---

1. Braum's attached an affidavit of it's employee, Imelda Virgin, who was working that day, which stated.: "At no time prior to the time plaintiff fell had anyone else fallen or complained about the ice in front of the store." Exhibit "B" to Defendant Braum's Supplemental Motion for Summary Judgment and Brief in Support.