FILED
United States Court of Appeals
Tenth Circuit

July 20, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DAVID KINKAID,

Plaintiff-Appellant,

v.

WAL-MART STORES EAST, L.P.,

Defendant-Appellee.

No. 09-6259
(D.C. No. 5:09-CV-00068-F)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **HOLMES**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

On June 16, 2006, while shopping in the Ponca City Wal-Mart, plaintiff David Kinkaid slipped and fell on one of many cardboard box lids that had been left on the floors of the aisles by merchandise stockers. He filed this diversity action against Wal-Mart Stores East, L.P., alleging that it failed to use ordinary

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

care to keep its premises in a reasonably safe condition or to warn its customers of the unsafe condition created by the cardboard lids scattered on the floor. Wal-Mart denied liability, contending the cardboard box lids on the floor were an open and obvious danger of which it had no duty to warn. After discovery, the district court agreed with Wal-Mart and granted its motion for summary judgment. Reviewing its decision de novo, *Allstate Ins. Co. v. Moser*, 600 F.3d 1297, 1299 (10th Cir. 2010), we agree that Oklahoma law recognizes no duty owed by Wal-Mart in this situation. We therefore exercise our jurisdiction under 28 U.S.C. § 1291 to affirm.

Under Oklahoma law, "[a] business invitor has a duty to exercise reasonable care to prevent injury to an invitee, but the invitor owes no duty to protect against hazards that are open and obvious." *Dover v. W.H. Braum, Inc.*, 111 P.3d 243, 245 (Okla. 2005). As the Oklahoma Supreme Court has made clear, this means that the invitor's duty is limited to protecting its invitees from "defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee and would not be observed by him in the exercise of ordinary care." *Id.* at 246; *see also Zagal v. Truckstops Corp. of Amer.*, 948 P.2d 273, 274 (Okla. 1997). The invitor is "under no duty to keep [its] premises free from obvious dangers," nor to warn about dangers that are "readily apparent and observable." *Billings v. Wal-Mart Stores, Inc.*, 837 P.2d 932, 933 (Okla. Civ. App. 1992).

Mr. Kinkaid admits that he saw the cardboard box lids on the floor in the aisle in which he fell. In fact, he testified there were so many lids on the floor that he had to leave his shopping cart at the end of the aisle in order to retrieve his item. Seeking a way around the open-and-obvious doctrine, however, he argues that the danger posed by the cardboard box lids was not readily apparent. If the lids had stayed put, he argues, he would not have fallen. But instead, the lids that he stood on shifted, causing him to fall. He appears to argue that Wal-Mart's knowledge of the potential danger was superior to his own, thereby creating a duty to warn.

We think the district court rightly rejected this argument. An item is not as a matter of law an open and obvious danger simply because it is observable, and there can be fact issues as to whether a particular condition was open and obvious to a particular plaintiff. *Zagal*, 948 P.2d at 275. But in this case, there are no such fact issues. It is undisputed that Mr. Kinkaid saw the cardboard box lids and appreciated the danger of stepping on them; in fact, he testified that he did his best to avoid stepping on them and acknowledged that he thought it was safer to step on the tile floor. Under these circumstances, reasonable minds could not disagree with the conclusion that the cardboard lids were an open and obvious danger. Accordingly, Wal-Mart owed Mr. Kinkaid no duty, and where there is no duty, there can be no negligence. *Dover*, 111 P.3d at 245.

The judgment of the district court is AFFIRMED.

Entered for the Court


Wade Brorby
Senior Circuit Judge